# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VISTA HEALTHPLAN, INC., *et al.*, | : |
|                     Plaintiffs, | :    Civil Action No. 06-1833 |
| v. | :    Hon. Mitchell S. Goldberg |
| CEPHALON, INC., *et al.*, | : |
|                     Defendants. | : |

## ORDER

And Now, this _____ day of April, 2010, upon consideration of End-payor Plaintiffs' Motion for Reconsideration of the Court's Decision and Order entered March 29, 2010, pursuant to Local Civil Rule 7.1(g), and for leave to file a Second Amended Consolidated Class Action Complaint pursuant to Fed. R. Civ. P. 15(a); and having considered the responses of Defendants; and for good cause shown,

IT IS HEREBY ORDERED that the motion is granted as follows:

1. In light of the Supreme Court's decision in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, No. 08-1008, 2010 WL 1222272 (U.S. March 31, 2010), the End-payors claim under New York's Donnelly Act, N.Y. Gen. Bus. Law § 340, as contained in Paragraph 174(r) of the Amended Consolidated Class Action Complaint of End Payors is hereby reinstated.

2. End-payors shall file their Second Amended Consolidated Class Action Complaint as attached to their motion.

                                        BY THE COURT:

                                        _____
                                        HON. MITCHELL S. GOLDBERG, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VISTA HEALTHPLAN, INC., *et al.*, | : |
|  | : Civil Action No. 06-1833 |
| Plaintiffs, | : |
|  | : Hon. Mitchell S. Goldberg |
| v. | : |
|  | : |
| CEPHALON, INC., *et al.*, | : |
|  | : |
| Defendants. | : |

FILED
APR 12 2010
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

**PLAINTIFFS' NOTICE OF MOTION FOR RECONSIDERATION
AND FOR LEAVE TO FILE A SECOND AMENDED
<u>CONSOLIDATED CLASS ACTION COMPLAINT</u>**

To:   All Counsel of Record:

PLEASE TAKE NOTICE that Plaintiffs Vista Healthplan, Inc. *et al.*, by Interim Co-lead Counsel, hereby move for reconsideration of the Court's Decision and Order entered March 29, 2010, pursuant to Local Civil Rule 7.1(g), and for leave to file a Second Amended Consolidated Complaint pursuant to Fed. R. Civ. P. 15(a). You have fourteen (14) days to respond pursuant to Local Civil Rule 7.1(c), or within such other time as set by the Court.

In support of this motion, Plaintiffs rely upon the docketed record and the attached Memorandum of Law and exhibits. Oral argument is not requested.

Dated: April 12, 2010

/s/ Joseph H. Meltzer
Joseph H. Meltzer
Terence S. Ziegler
Casandra A. Murphy
BARROWAY TOPAZ KESSLER
 MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
*Liaison Counsel & Co-Lead Counsel
for End-Payor Plaintiffs*

Kevin B. Love
CRIDEN & LOVE, P.A.
7301 SW 57th Court, Suite 515
South Miami, FL 33143
Tel: (305) 357-9000
Fax: (305) 357-9050

Theodore M. Lieverman
John A. Macoretta
SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Tel: (215) 496-0300
Fax: (215) 496-6611

*Co-Lead Counsel for*
*End-Payor Plaintiffs*

Robert W. Sink
LAW OFFICES OF ROBERT W. SINK
319 West Front Street
Media, PA 19063
Tel: (610) 566-0800
Fax: (610) 566-4408

L. Kendall Satterfield
FINKELSTEIN, THOMPSON & LOUGHRAN
1050 30th Street, N.W.
Washington, D.C. 20007
Tel: (202) 337-8000
Fax: (202) 337-8090

*Executive Committee Members*

Jeffrey A. Klafter
KLAFTER & OLSEN LLP
1311 Mamaroneck Ave., Suite 220
White Plains, NY 10605
Tel: (914) 997-5656
Fax: (914) 997-2444

Richard Kirschner, Esq.
KIRSCHNER & GARTRELL
4910 Massachusetts Ave., NW, Suite 215
Washington, D.C. 20016
(202) 775-0087

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Theodore M. Lieverman, hereby certify that on April 12, 2010, the Motion for Reconsideration and for Leave to file a Second Amended Consolidated Class Action Complaint, and Memorandum of Law and exhibits in support thereof, were filed with the Clerk of Court, and were served by email to all counsel of record.

Theodore M. Lieverman

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VISTA HEALTHPLAN, INC., *et al.*, | Civil Action No. 06-1833 |
| Plaintiffs, | |
| v. | Hon. Mitchell S. Goldberg |
| CEPHALON, INC., *et al.*, | |
| Defendants. | |

### MEMORANDUM OF LAW IN SUPPORT OF END-PAYOR PLAINTIFFS' MOTION FOR RECONSIDERATION AND FOR LEAVE TO FILE A SECOND AMENDED CONSOLIDATED COMPLAINT

End-payor Plaintiffs,[1] by Interim Co-lead Counsel, hereby submit this Memorandum in support of their Motion for Reconsideration pursuant to Local Civil Rule 7.1(g), and Motion for Leave to File a Second Amended Consolidated Complaint pursuant to Fed. R. Civ. P. 15(a).

As described below, the Court's decision on Defendants' Motions to Dismiss, issued March 29, 2010, dismissed End-payors claim under New York's antitrust statute because Defendants argued that New York law prohibits a class recovery that includes penalty damages. Two days later, the United States Supreme Court issued a decision expressly allowing such penalty claims in class actions when brought in federal court under Fed. R. Civ. P. 23. *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, No. 08-1008, 2010 WL 1222272 (U.S. March 31, 2010). End-payors seek to restore their New York antitrust claim to their action. In addition, End-payors seek to amend their Complaint to more explicitly describe the facts that are relevant to the Court's scope-of-the-patent analysis as reflected in its March 29 decision; and to correct some minor errors.

---

[1] Vista Healthplan, Inc.; Pennsylvania Turnpike Commission; Debra Langan; Pennsylvania Employees Benefit Trust Fund; and District Council 37 Health and Security Plan.

## STATEMENT OF THE CASE

This matter consists of a number of consolidated and coordinated cases concerning the sale of the brand name drug Provigil, a "wakefulness promoting agent." The cases allege that Defendant Cephalon, Inc., the patent holder, agreed to pay a total of up to $136 million to several manufacturers of generic drugs in exchange for their agreement not to sell a low-cost generic version of Provigil until years later. These agreements terminated patent infringement litigation which would have shown that the patent protecting Provigil was invalid, unenforceable and/or noninfringed.

Plaintiffs in Civil Action No. 06-1833 are End-payors: consumers and third-party payors (insurers and employee health plans) who are the last in the chain of distribution and pay some or all of the purchase price for the use of the drug, not for resale. Other cases were brought by direct purchasers, the Federal Trade Commission, and a would-be competitor, Apotex, Inc.

Pursuant to the Court's scheduling order, End-payors filed an Amended Consolidated Class Action Complaint on August 10, 2010, C.A. No. 06-1833, D.E. 75. Defendants renewed their motions to dismiss and all Plaintiffs responded. The Court heard oral argument and, on March 29, 2010, issued a decision and order. *King Drug Co. of Florence, Inc. v. Cephelon, Inc.*, C.A. No. 06-1797, 2010 WL 1221793 (E.D. Pa. March 29, 2010), D.E. 260, 261.

The Court denied the motions, in essence finding that all Plaintiffs had sufficiently alleged violations of federal antitrust laws. While declining to find that "reverse payments" between would-be competitors were presumptively anticompetitive restraints, the Court applied the "scope of the patent" test to determine whether plaintiffs alleged facts showing that the agreements between the defendants restrained competition more than the restraints imposed by

the existence of a valid patent. The Court reviewed the complaints as well as the agreements between the Defendants to conclude that the factual allegations stated claims for antitrust violations. Slip op. at 35. The Court further noted that plaintiffs had sufficiently alleged the scope of the patent had been exceeded because the patent was invalid, unenforceable, or noninfringed. Slip op. at 25-30.

The End-payor complaint differed from that of the direct purchasers in that, pursuant to Supreme Court precedent, End-payors could not maintain a federal antitrust claim for damages[2] but could seek damages under the antitrust laws of any state that permitted indirect purchaser claims.[3] End-payors alleged violation of the antitrust and/or consumer protection laws of 26 states.

As part of its motion to dismiss, Cephalon argued that End-payors had no claim under New York's antitrust law, the Donnelly Act, N.Y. Gen. Bus. Law § 340, because it provided for treble damages which are punitive in nature, and New York law does not allow for private class actions for punitive remedies. N.Y. C.P.L.R. §901(b); *Sperry v. Crompton Corp.*, 831 N.Y.S. 2d 760, 765-66 (2007). See Cephalon br. at 34, D.E. 86. Faced with this New York state precedent, End-payors withdrew their Donnelly Act claim but argued that they had a claim under N.Y. Gen. Bus. Law § 349. *See* End-payor br. at 65, D.E. 92.

In its Decision, this Court noted that End-payors voluntarily withdrew their New York antitrust law claim, and therefore granted the Motion to Dismiss as to that claim. Slip op. at 38.

As argued below, two days after this Court's decision, the Supreme Court decided *Shady*

---

[2] *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977).

[3] *California v. ARC America Corp.*, 490 U.S. 93, 101 (1989).

*Grove*, holding that C.P.L.R. § 901(b) does not preclude class actions in federal courts pursuant to Fed. R. Civ. P. 23, even where the relief is penal in nature. This motion follows.

## ARGUMENT

### I. THE COURT SHOULD RECONSIDER AND REVERSE THE DISMISSAL OF THE NEW YORK ANTITRUST CLAIM IN LIGHT OF NEW SUPREME COURT PRECEDENT.

Local Civil Rule 7.1(g) provides that a party may file a motion for reconsideration or reargument within 14 days after entry of a judgment, order or decree. Since the instant motion applies only to an interlocutory order, and not a final judgment, it is not governed by Fed. R. Civ. P. 59(e) or 60(b). *In re Resource America Securities Litigation*, C.A. No. 98-5446, 2000 WL 1053861 at *2 (E.D. Pa. July 26, 2000). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *United States v. Exide Corp.*, C.A. No. 00-3057, 2002 WL 992817 (E.D. Pa. May 15, 2002) (Buckwalter, J.); *see Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985), *cert. denied,* 476 U.S. 1171 (1986). A court should grant a motion for reconsideration only "if the moving party establishes one of three grounds: (1) there is newly available evidence; (2) an intervening change in the controlling law; or (3) there is a need to correct a clear error of law or to prevent manifest injustice." *Drake v. Steamfitters Local Union No. 420,* No. 97-585, 1998 WL 564486 at *3 (E.D. Pa. Sept. 3, 1998) (citing *Smith v. City of Chester,* 155 F.R.D. 95, 96-97 (E.D. Pa.1994). Reconsideration is within the Court's inherent power. *Walker v. Pearl S. Buck Foundation*, C.A. No. 94-1503 (E.D. Pa. 1996).

Here, the state of the law changed just two days after the Court issued its decision, granting the motion to dismiss as to the claim under New York's antitrust statute. In *Shady*

*Grove*, the Supreme Court held that in a diversity case brought in federal court, a plaintiff had only to satisfy the requirements of Fed. R. Civ. P. 23 in order to maintain a class action. Specifically, the Court held that New York's Rule 901(b) did not apply to a class action in federal court, even where the relief sought could be considered penal in nature. *Shady Grove*, 2010 WL 1222272, at *5. Previously, the New York Court of Appeals had ruled that Donnelly Act claims for treble damages could not be brought as class actions based on the language of C.P.L.R. 901(b). Obviously, that case no longer controls a class action claim brought in federal court under Fed. R. Civ. P. 23.

End-payors had pled a New York antitrust claim in their Consolidated Amended Complaint, D.E. 75, at ¶ 174(r). They withdrew it voluntarily only in the face of law cited by Defendants in their motion to dismiss - law which has now been reversed by the Supreme Court. Ordinarily, End-payors could simply reinstate the claim, but since the Court adopted this withdrawal into an order of Court, *see* Order of March 29, 2010, at ¶ 2, C.A. No. 06-1797, D.E. 261, End-payors seek to preserve their rights by asking the Court to amend its decision and order in this limited way.

### II. END-PAYORS ARE ENTITLED TO AMEND THEIR COMPLAINT IN LIGHT OF ADDITIONAL DISCLOSURES BY DEFENDANTS AND THE COURT'S RULINGS OF MARCH 29.

End-payors further seek to amend their Complaint to conform with the rulings of the Court on other aspects of the Motions to Dismiss. A copy of proposed Second Amended Complaint is attached as Exhibit 1.

Rule 15(a)(2) permits amendment of the complaint after a responsive pleading is filed if

the defendants agree or the Court so allows.[4] The Rule provides that leave of Court should be freely given to insure that cases are decided on "the merits rather than on technicalities." *Dole v. Arco Chemical Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990); *E.H. v. School District of Philadelphia*, C.A. No. 08-2392, 2009 WL 4911936, at *2 (E.D. Pa. Dec. 21, 2009) (Goldberg, J.). Absent undue prejudice to defendant, amendment should be permitted even late in the litigation. *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing, Inc.*, 663 F.2d 419, 425 (3d Cir. 1981).

Here, End-payors do not seek to add new defendants or claims, but rather to fill in the factual and legal allegations to make the complaint consistent with what this Court found in its Decision of March 29, and to add the facts derived from the disclosure of the actual agreements in dispute here. At the time End-payors filed their Amended Consolidated Complaint on August 10, 2009, Counsel had not seen the actual text of the agreements and could not have cited or analyzed their impact previous to their release by the Court in November 2009.

These proposed changes are:

    (a)    adding the details of the settlement agreements between Cephelon and the Generic Defendants, which show how the restraints imposed by the agreements exceeded the scope of the patent;

    (b)    describing more specifically how the conduct of the Defendants imposed restraints on competition that exceed the scope of the patent; and

    (c)    restoring the full caption and correcting minor typographical errors.

---

[4] "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

A redlined copy of the proposed Second Amended Complaint is attached as Exhibit 2, showing the proposed changes from the currently filed Complaint.

Granting this motion will not prejudice Defendants or result in undue delay. The decision on the motions to dismiss was entered on March 29; this motion and the draft amended complaint were filed within 14 days of that date. End-payors seek only to conform its claims to what the Court has already approved in its March 29 Order, and to address part of one claim where the law was essentially reversed by a Supreme Court decision two days after this Court's ruling. Under the Court's Order of March 29, Defendants have not yet filed Answers to the complaints. These changes will not result in any additional discovery or supervision by the Court.

This Court has already resolved this issue in favor of amendment. In *King Drug Co.*, the direct purchaser plaintiffs filed a motion for leave to file a seconded amended class action complaint based on new information gleaned from inspection of the settlement agreements between Cephelon and the Generic Defendants. C.A. No. 06-1797, D.E. 233. Defendants opposed the motion, but the Court granted leave to file. Order of Jan. 6, 2010, C.A. No. 06-1797, D.E. 247. The same result should apply here.

## **CONCLUSION**

For all the above-stated reasons, it is respectfully submitted that Plaintiffs' Motion for Reconsideration and for Leave to Amend Complaint be granted.

Dated: April 12, 2010　　　　　　　　　　/s/ Joseph H. Meltzer
　　　　　　　　　　　　　　　　　　　　Joseph H. Meltzer
　　　　　　　　　　　　　　　　　　　　Terence S. Ziegler
　　　　　　　　　　　　　　　　　　　　Casandra A. Murphy
　　　　　　　　　　　　　　　　　　　　BARROWAY TOPAZ KESSLER
　　　　　　　　　　　　　　　　　　　　　MELTZER & CHECK, LLP
　　　　　　　　　　　　　　　　　　　　280 King of Prussia Road
　　　　　　　　　　　　　　　　　　　　Radnor, PA  19087
　　　　　　　　　　　　　　　　　　　　Tel:  (610) 667-7706
　　　　　　　　　　　　　　　　　　　　Fax:  (610) 667-7056

　　　　　　　　　　　　　　　　　　　　*Liaison Counsel & Co-Lead Counsel*
　　　　　　　　　　　　　　　　　　　　*for End-Payor Plaintiffs*


　　　　　　　　　　　　　　　　　　　　Kevin B. Love
　　　　　　　　　　　　　　　　　　　　CRIDEN & LOVE, P.A.
　　　　　　　　　　　　　　　　　　　　7301 SW 57th Court, Suite 515
　　　　　　　　　　　　　　　　　　　　South Miami, FL  33143
　　　　　　　　　　　　　　　　　　　　Tel:  (305) 357-9000
　　　　　　　　　　　　　　　　　　　　Fax:  (305) 357-9050

　　　　　　　　　　　　　　　　　　　　Theodore M. Lieverman
　　　　　　　　　　　　　　　　　　　　John A. Macoretta
　　　　　　　　　　　　　　　　　　　　SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
　　　　　　　　　　　　　　　　　　　　1818 Market Street, Suite 2500
　　　　　　　　　　　　　　　　　　　　Philadelphia, PA  19103
　　　　　　　　　　　　　　　　　　　　Tel:  (215) 496-0300
　　　　　　　　　　　　　　　　　　　　Fax:  (215) 496-6611

　　　　　　　　　　　　　　　　　　　　*Co-Lead Counsel for*
　　　　　　　　　　　　　　　　　　　　*End-Payor Plaintiffs*

Robert W. Sink
LAW OFFICES OF ROBERT W. SINK
319 West Front Street
Media, PA 19063
Tel: (610) 566-0800
Fax: (610) 566-4408

L. Kendall Satterfield
FINKELSTEIN, THOMPSON & LOUGHRAN
1050 30th Street, N.W.
Washington, D.C. 20007
Tel: (202) 337-8000
Fax: (202) 337-8090

*Executive Committee Members*

Jeffrey A. Klafter
KLAFTER & OLSEN LLP
1311 Mamaroneck Ave., Suite 220
White Plains, NY 10605
Tel: (914) 997-5656
Fax: (914) 997-2444

Richard Kirschner, Esq.
KIRSCHNER & GARTRELL
4910 Massachusetts Ave., NW, Suite 215
Washington, D.C. 20016
Tel: (202) 775-0087
Fax: (301) 320-5345

*Attorneys for Plaintiffs*