# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VISTA HEALTHPLAN, INC., <u>et al.</u>, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | No. 2:06-cv-1833 |
| | : | |
| CEPHALON, INC., <u>et al.</u>, | : | |
| Defendants. | : | |
| | : | |

## <u>ORDER</u>

**AND NOW,** this 27th day of May, 2010, upon consideration of the End Payor Plaintiffs' "Motion for Reconsideration and Motion for Leave to File a Second Amended Consolidated Class Action Complaint," (doc. no. 114), Defendants' responses thereto, and Plaintiffs' reply, we find that:

<u>Motion for Leave to Amend</u>

1. The End Payors filed their complaint on May 1, 2006.

2. With leave of the Court, the End Payors filed an amended consolidated complaint on August 10, 2009.

3. Defendants moved to dismiss the End Payors' amended complaint on August 31, 2009.

4. On September 24, 2009, the Court ordered all discovery produced in the FTC pre-complaint investigation produced to all Plaintiffs in the <u>In re Modafinil</u> litigation.

5. Thereafter, Apotex and the Direct Purchasers sought leave of Court to file second amended complaints on November 6, 2009, and November 27, 2009, respectively, which the Court granted on January 5, 2010. Supplemental motions to dismiss were then filed by Defendants.

6.      The Court denied all the pending motions to dismiss in the <u>In re Modafinil</u> litigation

on March 29, 2010.

7.      The End Payors filed the instant motion for leave to file a second amended complaint

on April 12, 2010.

8.      Defendants filed answers to the End Payors' amended complaint on April 29, 2010.

9.      FED. R. CIV. P. 15(a)(2) states that once the time period for amending pleadings as

a matter of course expires under FED. R. CIV. P. 15(a)(1), "[A] party may amend its

pleading only with the opposing party's written consent or the court's leave.  The

court should freely give leave when justice so requires."

10.     Here, four years after this litigation was instituted, seven months after extensive

discovery was produced, and five months after two other groups of Plaintiffs moved

to file second amended complaints, and after the Court has ruled on voluminous

motions to dismiss with extensive briefing, the End Payors seek leave to amend their

amended complaint.  The Defendants oppose this motion pointing to the undue delay

and economic burden that another complaint and round of motions to dismiss would

present.  We agree with Defendants.

11.     The amended complaint is 184 paragraphs long encompassing five (5) different

causes of action.  In the proposed second amended complaint, the End Payors seek

to add additional factual and legal details to existing claims already pled in the

amended complaint.  They do not seek to add new causes of action.[1]  Accordingly,

justice does not require that the End Payors be given leave to amend their complaint

---

[1]  The Court notes that the additional factual and legal details were known to the End
Payors well before April 12, 2010, and were not first brought to light, as the End Payors claim, as
a result of the Court's March 29, 2010, Memorandum Opinion.

a second time at this late stage.

**WHEREFORE**, it is hereby **ORDERED** that the End Payor Plaintiffs' motion for leave to amend is **DENIED.**

We further find that:

<u>Motion for Reconsideration</u>

1. The Supreme Court issued <u>Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.</u>, No. 08-1008, 2010 WL 1222272 (Mar. 31, 2010), two days after this Court's Memorandum Opinion on the motions to dismiss in the above-captioned action.

2. In <u>Shady Grove</u>, the Supreme Court held that N.Y. CIV. PRAC. LAW ANN. § 901(b) could not preclude a penalty claim class action when brought in federal court under FED. R. CIV. P. 23.

3. Therefore, the End Payors may pursue claims under New York's Donnelly Act and New York's Deceptive Acts and Practices Act.

**WHEREFORE**, it is hereby **ORDERED** that the End Payor Plaintiffs' motion for reconsideration is **GRANTED**. Accordingly, the Court's March 29, 2010, Memorandum Opinion and Order are amended to reinstate Paragraph 174(r) of the End Payors' amended complaint.

**BY THE COURT:**

**/s/ Mitchell S. Goldberg**

_____

**Mitchell S. Goldberg, J.**