**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |  |
|---|---|---|
| | : | |
| **VISTA HEALTHPLAN, INC., et al.,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **No. 2:06-cv-1833** |
| | : | |
| **CEPHALON, INC., et al.,** | : | |
| | : | |
| **Defendants.** | : | |
_____:

## ORDER

**AND NOW**, this 8th day of August, 2019, upon review and consideration of the Class Action Settlements between End-Payor Plaintiffs with Defendants (1) Cephalon, Inc., Barr Laboratories, Inc., Teva Pharmaceutical Industries Ltd. and Teva Pharmaceuticals USA, Inc. (collectively "Cephalon"); (2) Mylan, Inc. (formerly known as Mylan Laboratories Inc.) and Mylan Pharmaceuticals Inc. (collectively, "Mylan"); and (3) Sun Pharmaceuticals, Inc. ("Ranbaxy"); End-Payor Plaintiffs' Motion for Preliminary Approval of Class Action Settlements and Memorandum of Law in Support thereof (Doc. No. 585); and the supporting Declaration of Joseph H. Meltzer and exhibits thereto, I find as follows:

### Jurisdiction

1. The Court has subject matter jurisdiction over this Action and has personal jurisdiction over each of the Parties.

**Preliminary Certification of the Settlement Classes[1]**

2.  The following determinations are made as required by Rule 23 of the Federal Rules of Civil Procedure solely in connection with the proposed Settlements.

3.  Pursuant to Rule 23(c)(1)(B), the Settlement Classes are defined as follows:

**State Antitrust/Consumer Protection Class**

All persons or entities in Arizona, California, District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin who purchased Provigil and/or its generic equivalent intended for consumption by themselves, their families or their members, employees, plan participants beneficiaries or insureds between June 24, 2006 and August 8, 2019.

**State Unjust Enrichment Class**

All persons or entities in Alabama, Arizona, California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin who purchased Provigil and/or its generic equivalent modafinil, intended for consumption by themselves, their families or their members, employees, plan participants, beneficiaries or insureds between June 24, 2006 and August 8, 2019.

The following persons or entities are excluded from the proposed Classes:  (i) the Defendants and their respective subsidiaries, affiliates and employees; (ii) all governmental entities (except for government funded employee benefit plans); (iii) insured individuals covered by plans imposing a flat dollar co-pay that was the same dollar amount for generic as for brand generic purchases; (iv) insured individuals who purchased only generic modafinil (not branded Provigil) pursuant to a fixed co-pay

---

[1]  This Order hereby incorporates by reference the definitions in the Settlement Agreements, and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreements.

applicable to generic drugs; (v) United Healthcare Services, Inc. ("United Healthcare"), including its subsidiaries; and (v) fully-insured health plans, *i.e.* plans that purchased insurance from another third-party payor covering 100% of the plan's reimbursement obligations to its members.  In addition, the Settling Health Plans ("SHPs") identified in Schedule A to the Cephalon Settlement are excluded from the Cephalon Settlement.

4. Pursuant to Rule 23(a)(1), the Court determines that the Settlement Classes are so numerous that joinder of all members is impracticable.  Millions of prescriptions for Provigil have been filed for thousands of class members who are geographically dispersed across twenty-seven states.  This is sufficient to establish numerosity and to satisfy the impracticability of joinder requirement of Rule 23(a)(1).

5. Pursuant to and in satisfaction of Rule 23(a)(2) and 23(c)(1)(B), the Court determines that the Settlement Classes present the following common, class-wide questions regarding:

    a. Whether the Defendants conspired to delay entry of a generic version of Provigil in violation of the state antitrust or consumer protection statutes the relevant states.

    b. Whether the alleged conspiracy between Defendants caused actual injury to the members of the Settlement Classes; and

    c. The amount of damages, if any, owed to the Settlement Classes in the aggregate under the several states' antitrust and consumer protection acts.

6. Vista Healthplan, Inc. (n/k/a Coventry Health Care of Florida, Inc.), District Counsel 37 Health & Security Plan, Pennsylvania Employees Benefit Trust Fund, Pennsylvania Turnpike Commission, and Shirley Panebianco (collectively, the "Named Plaintiffs"), are hereby appointed as representatives of the Settlements Classes for the following reasons:

a.  The Named Plaintiffs allege, on behalf of the Settlement Classes, the same manner of injury from the same course of conduct that they complain of themselves, and assert on their own behalf the same legal theory that they assert for the Settlement Classes as a whole. The Court therefore determines that for purposes of each Settlement Class, the Named Plaintiffs' claims are typical of the claims of the proposed Settlement Classes, within the meaning of Rule 23(a)(3); and

b.  Pursuant to Rule 23(a)(4), the Court determines that the Named Plaintiffs have and will continue to fairly and adequately protect the interests of the Settlement Classes. The Named Plaintiffs' interests do not conflict with the interests of absent members of the Settlement Classes. All of the members of the Settlement Classes share a common interest in proving Defendants' alleged anticompetitive conduct, and all Class members share a common interest in recovering damages. Moreover, the Settlement Classes are made up of business entities and individual consumers and any member of the Settlement Classes that wishes to opt out will be given an opportunity to do so. Furthermore, the Named Plaintiffs and their Counsel are well qualified to represent the Settlement Classes in this case, given their experience in prior cases and vigor with which they have prosecuted this action thus far.

7.  Pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, common questions of law and fact predominate over questions affecting only individual members. In light of the class-wide claims and issues set forth above, the issues in this action that are subject to generalized proof, and thus applicable

to the Class as a whole, predominate over those issues that are subject only to individualized proof. See In re NFL Players Concussion Injury Litig., 821 F.3d 410, 434 (3d Cir. 2016); Sullivan v. DB Invs., Inc., 667 F.3d 273, 304 n.29 (3d Cir. 2011) (en banc).

8. Also pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, a class action is superior to other available methods for the fair and efficient adjudication of this action. The Court believes it is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the Settlement Classes in a single action. The Court also believes that there are few manageability problems presented by a case such as this, particularly in light of the Settlements preliminarily approved in this Order.

9. Pursuant to Rules 23(c)(1)(B) and 23(g), the Court, having considered the factors provided in Rule 23(g)(1)(A), appoints Interim Class Counsel, Spector Roseman & Kodroff, P.C., Criden & Love, P.A., and Kessler Topaz Meltzer & Check, LLP, as Co-Lead Counsel for the Settlement Classes.

**Preliminary Approval of the Proposed Settlement**

10. When deciding preliminary approval, Rule 23(e) directs the court to consider whether the proposed settlement will ultimately achieve approval taking into account the adequacy of representation, whether the settlement was negotiated at arm's length, whether the relief is adequate and appropriate in the circumstances, and whether the provisions for claims processing, distribution of settlement proceeds, and terms of proposed awards of attorney's fees are fair and equitable to members of the class  Fed. R. Civ . P. 23(e)(1) and (2).  Thus, a court determines whether "the proposed settlement discloses grounds to

doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys, and whether it appears to fall within the range of possible approval." In re Nat'l Football League Players' Concussion Injury Litig., 301 F.R.D. 191, 198 (E.D. Pa. 2014) (quotation omitted). "In making this preliminary determination, the Court's 'first and primary concern is whether there are any obvious deficiencies that would cast doubt on the proposed settlement's fairness.'" Silvis v. Ambit Energy, L.P., No. 14-5005, 2018 WL 1010812, at *7 (E.D. Pa. Feb. 22, 2018) (quoting In re Nat'l Football League, 301 F.R.D. at 198). Additionally, the Court must "consider whether the settlement negotiations occurred at arm's length, whether there was significant investigation of Plaintiff's claims, and whether the proposed settlement provides preferential treatment to certain class members." Id. A settlement falls within the "range of possible approval" under Rule 23 if there is a conceivable basis for presuming that the fair, adequate, and reasonable standard applied for final approval will be satisfied. Mehling v. New York Life Ins., 246 F.R.D. 467, 472 (E.D. Pa. 2017).

11. The Court finds that the proposed Settlements fall within the range of likely approval and therefore satisfy the standard for preliminary approval. Specifically, the Court finds that the proposed Settlements, which include cash payments totaling $65,877,600 to be paid by Defendants in exchange for, *inter alia*, dismissal of the litigation between the End-Payor Plaintiffs and Defendants with prejudice and releases of certain claims filed or that could have been filed against Defendants by End-Payor Plaintiffs and the Settlement Classes, as set forth in the Settlement Agreements, was arrived at by arm's-length negotiations by highly experienced counsel after years of litigation, falls within the range

of likely approvable settlements, and is hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below.

12. The proposed form and manner of notice to members of the Settlement Classes set forth in the Proposed Class Action Notice Program,[2] along with the proposed methods of dissemination of notice described in the Class Action Notice Program, satisfy the requirements of Rule 23(e) and due process, are otherwise fair and reasonable, and therefore are approved.  Class Counsel shall cause notice via first-class mail to those members of the Class who can reasonably and economically be identified, and by publication in print media and digital media placements, as set forth in the Class Action Notice Program, as follows:

   a. **Publication Notice:**  Shall commence within fourteen (14) days of the date of this Order and shall be completed within ninety (90) days after the date of this Order;

   b. **Third-Party Payor ("TPP") Direct Mail Notice:**  Shall occur within fourteen (14) days after the date of this Order;

   c. **Consumer Direct Mail Notice:**  Shall commence within fourteen (14) days of the date of this Order and shall be completed within ninety (90) days of the date of this Order;

13. The Court appoints A.B. Data, Ltd. to serve as Settlement Administrator and to assist Class Counsel in disseminating the Notice.  All expenses incurred by the Settlement Administrator must be reasonable, are subject to Court approval, and shall be payable solely from the Class Settlement Fund.

---

[2] The Class Action Notice Program is Exhibit 7 to the Declaration of Joseph H. Meltzer ("Meltzer Decl.").  The forms of notice are described therein and are attached to the Supplemental Declaration of Joseph H. Meltzer (ECF No. 591) as Exhibits A ("Direct Mail Notice" and cover letter) and B (Publication Notice and Press Release").

14. The Settlement Administrator shall provide copies of all Requests for Exclusion to Class Counsel and Counsel for Defendants as those are received and Class Counsel shall file those Requests for Exclusion in connection with its Motion for Final Approval.

15. The Court approves the proposed Escrow Agreements (see Meltzer Decl., Exhs. 8(a), (b), and (c)), pursuant to which certain banks will serve as Escrow Agents for the purpose of administering the escrow accounts holding the Class Settlement Funds.  Except as the parties have agreed in the Escrow Agreements, all expenses incurred by the Escrow Agents must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund.

16. The Court preliminarily approves the proposed End-Payors' Plan of Allocation as reasonable.  (Pls.' Supplemental Filing (ECF No. 590), Ex. 6.)

17. Defendants, with the assistance of the Settlement Administrator, shall comply with the obligation to give notice under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1711, et seq.

18. Because Class Counsel intend to subpoena certain pharmacies and pharmacy benefit managers for the names and addresses of persons who purchased Provigil or modafinil for the purposes of sending out Notice in this Action, and because Third-Party Payor Class Members will be asked to provide information in a claim form regarding their reimbursements for purchases of Provigil or modafinil by their insureds, there is sufficient need for entry of the proposed HIPPA Qualified Protective Order, and the Court shall enter same contemporaneously with the entry of this Order.

19. Any action related to the enforcement of a subpoena served by Class Counsel on Retail Pharmacies or Pharmacy Benefit Managers ("PBMs") for the production of information

concerning the names and addresses of persons who paid for purchases of Provigil or modafinil shall be heard in this Court, as contemplated under Fed. R. Civ. P. 45(f).

**Final Fairness Hearing**

20. A hearing on final approval (the "Fairness Hearing") shall be held before this Court at **10:00 a.m. Eastern Time on February 26, 2020, in Courtroom 4-B at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne Courthouse, 601 Market Street, Philadelphia, PA, 19106**.  At the Fairness Hearing, the Court will consider, *inter alia*: (a) the fairness, reasonableness, and adequacy of the Settlements and whether the Settlements should be finally approved; (b) whether the Court should approve the proposed Plan of Allocation of the Class Settlement Funds among members of the Settlement Classes; (c) whether the Court should approve awards of attorneys' fees and reimbursement of expenses to Class Counsel; (d) whether incentive awards should be awarded to the Named Plaintiffs; and (e) whether entry of a Final Order and Judgment terminating the litigation between End-Payor Plaintiffs and Defendants should be entered.  The Fairness Hearing may be rescheduled or continued; in that event, the Court will furnish all counsel with appropriate notice.  Class Counsel shall be responsible for communicating any such notice promptly to the Classes by posting a conspicuous notice on the following website of the Settlement Administrator: www.ProvigilSettlement.com.

21. Class Members who wish to be excluded from the Settlement Classes must send a written Request for Exclusion to the Settlement Administrator, by first-class mail, postage prepaid, to the address provided n the Mail Notice and Settlement Website.  Any such Request for Exclusion must be received by the Settlement Administrator no later than

120 days after the date of this Order.  To be valid, the Request for Exclusion must:  (a) identify the case name and number; (b) identify the name, address, and telephone number of the Class Member to be excluded; (c) be personally signed by the Class Member requesting exclusion; (d) contain a statement that indicates a desire to be excluded from the Settlement Classes; and (e) provide data sufficient to prove claim membership.  Class Members shall not be permitted to exclude other Class Members.  Moreover, group or classwide exclusions shall not be permitted.

22. All briefs and materials in support of the application for an award of attorneys' fees and reimbursement of expenses, and incentive awards for the Named Plaintiffs, shall be filed with the Court no later than 130 days after the date of this Order.

23. All briefs and materials in support of the final approval of the Settlements and the entry of Final Order and Judgment proposed by the parties to the Settlement Agreements shall be filed with the Court no later than 130 days after the date of this Order.

24. Class members who wish to:  (a) object with respect to the proposed Settlement; and/or (b) wish to appear in person at the Fairness Hearing, must first file an Objection and, if intending to appear, a Notice of Intention to Appear, along with a Summary Statement outlining the position(s) to be asserted and the grounds therefore together with copies of any supporting papers or briefs.  Class Members who are objecting must also send a copy of their Objection, via first class mail, postage prepaid, to the following counsel:

> *On behalf of the Settlement Classes:*
>
> **Kessler Topaz Meltzer & Check, LLP**
> Joseph Meltzer
> 280 King of Prussia Road
> Radnor, PA 19087

**Spector, Roseman, & Kodroff, P.C.**
Jeffrey L. Kodroff
2001 Market Street, Sutie 3420
Philadelphia, PA 19103

**Criden & Love, P.A.**
Kevin Bruce Love
7301 SW 57th Court, Suite 515
South Miami, FL 33143

*On behalf of Cephalon, Barr, and Teva:*

**Kirkland & Ellis LLP**
Jay P. Lefkowitz, P.C.
601 Lexington Avenue
New York, NY 10022-4611

**Kirkland & Ellis LLP**
Bradley H. Weidenhammer
300 North LaSalle Drive
Chicago, IL 60640

*On behalf of Mylan*

**Cravath Swaine & Moore LLP**
Evan Chesler
825 Eighth Ave
New York, NY 10019

*On behalf of Ranbaxy*

**Venable LLP**
J. Douglass Baldridge
600 Massachusetts Ave., NW
Washington, D.C. 20001

To be valid, any such Objection and/or Notice of Intention to Appear and Summary statement must be filed with the Court, and must be received by counsel above, no later than 160 days after the date of this Order. Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed Settlements. All persons and entities who fail to file an Objection and/or Notice of Intention to Appear as well as a Summary

Statement as provided above shall be deemed to have waived any such objections by appeal, collateral attack, or otherwise, and will not be heard at the Fairness Hearing

25. Objections must include the following information:  (i) the case name and number; (ii) the objector's name, address, telephone number, and an explanation of the objection; and (iii) documentation demonstrating that the person is a member of the Class and/or the following statement, followed by the person's signature:  "I declare under penalty of perjury under the laws of the United States of America that [insert your name] is a member of the Class."

26. Completed claim forms must be received by the Settlement Administrator within 160 days after the date of this Order, along with any documentation required by the Settlement Administrator to process the claim form.

27. Supplemental filings by counsel in support of the Settlement Agreement shall be filed no later than ten (10) days before the Final Approval Hearing.

28. All proceedings in the action between the End-Payor Plaintiffs and Defendants are hereby stayed until such time as the Court renders a final decision regarding the approval of the Settlements and, if the Court approves the Settlements, enters Final Order and Judgment and dismisses such actions with prejudice.

29. Neither this Order, nor the Settlement Agreements nor an other document related to the Settlements, nor anything contained herein or therein or contemplated hereby or thereby, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreements or herein or in any other document related to the Settlements, shall constitute, be construed as, or be deemed to be evidence of or an admission or concession by Defendants regarding the validity of any claim that has been or could have been

asserted by End-Payor Plaintiffs against Defendants, or regarding any liability by Defendants concerning any matter set forth in this Order, or regarding whether any class, in this case or others, may be certified for purposes of litigation and trial.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiffs' Motion for Preliminary Approval of Proposed Settlements with Cephalon, Mylan, and Ranbaxy, for Preliminary Certification of Settlement Classes, and for Permission to Disseminate Notice of the Proposed Settlements to Members of the Settlement Classes (Doc. No. 585) is **GRANTED** as set forth above.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
_____
**MITCHELL S. GOLDBERG,    J.**