UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VISTA HEALTHPLAN, INC., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>CEPHALON, INC., *et al.*,<br><br>*Defendants*. | Case No. 2:06-cv-1833 (MSG)<br>Honorable Mitchell S. Goldberg |

**[PROPOSED] ORDER GRANTING END-PAYOR PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENTS**

AND Now, this ___ day of _____, 2020, upon review and consideration of Class Action Settlements between End-Payor Plaintiffs with (1) Cephalon, Inc., Barr Laboratories, Inc., Teva Pharmaceutical Industries Ltd. and Teva Pharmaceuticals USA, Inc. (collectively "Cephalon"); (2) Mylan, Inc. (formerly known as Mylan Laboratories Inc.) and Mylan Pharmaceuticals Inc. (collectively "Mylan"); and (3) Sun Pharmaceutical Industries, Ltd., as successor in interest to Ranbaxy Laboratories, Ltd. and Ranbaxy Pharmaceuticals, Inc. ("Ranbaxy"); End-Payor Plaintiffs' Motion for Final Approval of Class Action Settlements and Memorandum of Law in Support thereof, the supporting Declaration of Joseph H. Meltzer and exhibits thereto, and the arguments and presentations made at the Final Fairness Hearing held on February 26, 2020.

**IT IS HEREBY ORDERED, ADJUDGED and FOUND THAT:**

**Jurisdiction[1]**

1. This Court has subject matter jurisdiction over this Action and has personal jurisdiction over each of the Parties.

---

[1] This Order hereby incorporates by reference the definitions in the Settlement Agreements, and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreements.

1

## Certification of the Settlement Classes[2].

2.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure and solely for the purpose of effectuating the Settlements, this Court finally certifies the Settlement Classes defined as follows:

**State Antitrust/Consumer Protection Class**

All persons or entities in Alabama, Arizona, California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin who purchased Provigil and/or its generic equivalent intended for consumption by themselves, their families or their members, employees, plan participants, beneficiaries or insureds between June 24, 2006 and August 8, 2019.

**State Unjust Enrichment Class**

All persons or entities in Alabama, Arizona, California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin who purchased Provigil and/or its generic equivalent modafinil, intended for consumption by themselves, their families or their members, employees, plan participants, beneficiaries or insureds between June 24, 2006 and August 8, 2019.

The following persons or entities are excluded from the Settlement Classes:  (i) the Defendants and their respective subsidiaries, affiliates and employees; (ii) all governmental entities (except for government funded employee benefit plans); (iii) insured individuals covered by plans imposing a flat dollar co-pay that was the same dollar amount for generic as for brand drug purchases; (iv) insured individuals who purchased only generic modafinil (not branded

---

[2]  This Order hereby incorporates by reference the definitions in the Settlement Agreements, and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreements.

Provigil) pursuant to a fixed co-pay applicable to generic drugs; (v) United Healthcare Services, Inc. ("United Healthcare"), including its subsidiaries; and (vi) fully-insured health plans, *i.e.* plans that purchased insurance from another third-party payor covering 100% of the plan's reimbursement obligations to its members. In addition, the Settling Health Plans ("SHPs") identified in Schedule A to the Cephalon Settlement are excluded from the Cephalon Settlement.

3. Pursuant to Rule 23(a)(1), the Court determines that the Settlement Classes are so numerous that joinder of all members is impracticable. Millions of prescriptions for Provigil have been filled for thousands of Class Members who are geographically dispersed across 27 states. This is sufficient to establish numerosity and to satisfy the impracticality of joinder requirement of Rule 23(a)(l).

4. Pursuant to Rule 23(c)(l)(B), the Court determines that the Settlement Classes present the following common, class-wide questions regarding:

(a) Whether the Defendants conspired to delay entry of a generic version of Provigil in violation of the state antitrust or consumer protection statutes of the relevant states;

(b) Whether the alleged conspiracy between Defendants caused actual injury to members of the Settlement Classes; and

(c) The amount of damages, if any, owed to the Settlement Classes in the aggregate under the several states' antitrust and consumer protection acts.

5. The Court determines that the foregoing class-wide issues relating to the claims and/or defenses are questions of law or fact common to the Settlement Classes that satisfy Rule 23(a)(2).

6. Vista Healthplan, Inc., (n/k/a Coventry Health Care of Florida, Inc.), District

Council 37 Health & Security Plan, Pennsylvania Employees Benefit Trust Fund, Pennsylvania Turnpike Commission, and Shirley Panebianco ("Named Plaintiffs"), are hereby appointed as representatives of the Settlement Classes, for the following reasons:

 (a) The Named Plaintiffs allege, on behalf of the Settlement Classes, the same manner of injury from the same course of conduct that they complain of themselves, and assert on their own behalf the same legal theory that they assert for the Settlement Classes as a whole. The Court therefore determines that for purposes of each Settlement Class, the Named Plaintiffs' claims are typical of the claims of the proposed Settlement Classes within the meaning of Rule 23(a)(3); and

 (b) Pursuant to Rule 23(a)(4), the Court determines that the Named Plaintiffs have and will continue to fairly and adequately protect the interests of the Settlement Classes. The Named Plaintiffs' interests do not conflict with the interests of absent members of the Settlement Classes. All of the members of the Settlement Classes share a common interest in proving Defendants' alleged anticompetitive conduct, and all Class Members share a common interest in recovering damages. Moreover, the Settlement Classes are made up of business entities and individual consumers and any member of the Settlement Classes that wishes to opt out has been given an opportunity to do so. Furthermore, the Named Plaintiffs and their Counsel are well qualified to represent the Settlement Classes in this case, given their experience in prior cases, and the vigor with which they have prosecuted this Action thus far.

7. Pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, common questions of law and fact predominate over questions affecting only individual members. In light of the class-wide claims and issues set forth above, the issues in

this Action that are subject to generalized proof, and thus applicable to the Settlement Classes as a whole, predominate over those issues that are subject only to individualized proof. *See In re NFL Players Concussion Injury Litig.*, 821 F.3d 410 (3d Cir. 2016); *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 304, n.29 (3d Cir. 2011) (en banc).

8. Also pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, a class action is superior to other available methods for the fair and efficient adjudication of this Action. The Court believes it is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the Settlement Classes in a single action. The Court also believes that there are few manageability problems presented by a case such as this, particularly in light of the Settlements conditionally approved by this Court on August 8, 2019 (ECF No. 592).

9. Pursuant to Rules 23(c)(l)(B) and 23(g), the Court having considered the factors provided in Rule 23(g)(1)(A), finally appoints Spector Roseman & Kodroff, P.C., Criden & Love, P.A., and Kessler Topaz Meltzer & Check, LLP, as Co-Lead Counsel for the Settlement Classes.

## Notice to the Members of Settlement Classes

10. Notice to the Members of the Settlement Classes as required by Rule 23(e) and Due Process, has been provided as directed by this Court in the Preliminary Approval Order (ECF No. 592). Such notice was sent via first-class mail to those members of the Class who could be reasonably and economically identified, and made by publication in targeted print and digital media placements and constitutes the best notice practicable, satisfying the Federal Rules of Civil Procedure, Due Process and other applicable laws.

## CAFA Notice

11. The Court finds that the notice requirements set forth in the Class Action Fairness

Act of 2005, 28 U.S.C. § 1715, have been satisfied.

## Final Approval of the Settlements and The Plan of Allocation

12. The Settlements, which include cash payments totaling $65,877,600 to be paid by Defendants in exchange for, *inter alia*, dismissal of the litigation between the End-Payor Plaintiffs and Defendants with prejudice and releases of certain claims filed or that could have been filed against Defendants by End-Payor Plaintiffs and the Settlement Classes, are fair reasonable and adequate in all respects, and in the best interests of the Settlement Classes.

13. The Settlements, which were arrived at as a result of arm's-length negotiations conducted by highly experienced counsel after years of litigation, provide direct benefits to Settlement Class Members while avoiding the substantial risks and delay of trial.

14. The Plan of Allocation, posted on the Settlement Website, treats Class Members in a manner that is equitable and distributes the Settlement Funds to Settlement Class Members based on the extent of their injuries. As such, the Plan of Allocation is fair and reasonable and the formula provided therein for the calculation of the claims of claiming Settlement Class Members ("Claimants") provides a fair and reasonable basis upon which to allocate the net proceeds of the Settlement among Settlement Class Members. Likewise, the method of processing claims is fair and reasonable. Accordingly, the Court finds and concludes that the plan of distribution is, in all respects, fair and reasonable to the Settlement Class and approves the form and manner for distribution as provided in the Plan of Allocation.

15. Settlement Class Members having been provided Notice of the terms of the Settlements, including provisions for the request of attorneys' fee and expense awards and incentive awards to the class representatives responded positively to the Settlements. The Court has considered and overrules the ___ objections __ filed.

16. Based upon the foregoing, which takes into account each of the factors specified in Rule 23(e)(2), the Court finds that the Settlements and the Plan of Allocation are fair, reasonable and adequate and finally approved. The Parties are directed to promptly consummate and administer the Settlements in accordance with the terms of the Settlements.

### Dismissal of Claims

17. The Claims asserted by Plaintiffs in this Action, and the Action, are hereby dismissed with prejudice and, except as provided for in the Settlements and herein, without costs.

### Release

18. The Court approves the Releases in each Settlement Agreement as binding and effective as to all members of the Settlement Classes and permanently barring and enjoining such members of the Settlement Classes from asserting any Released Claims as set forth in each Settlement Agreement.

### Attorneys Fee Award, Expense Reimbursement

19. Class Counsel have moved for an award of attorneys' fees in the amount of 1/3 of the $65,877,600 Settlement Fund, or $21,959,200, plus 1/3 of the accumulated interest on the Settlement Fund. The Court has reviewed the *Prudential/Gunter* factors, and finds that they weigh heavily in favor of the requested fee award. In particular, the Court recognizes that Class Counsel spent over 41,000 hours zealously and skillfully advancing this very complex litigation for over 13 years on a wholly contingent basis thus facing a serious risk of non-payment. As a result of their skill and effort, Class Counsel secured Settlements that provide a direct and meaningful benefit to Class Members. No Class Members have objected to Class Counsel's requested attorneys' fee and reimbursement of expenses.

20. The Court further finds that the "percentage of the fund" method is the proper method for calculating attorneys' fees in common fund actions in this Circuit. *See, e.g. In re Rite Aid. Sec. Litig.,* 396 F.3d 294, 305 (3d Cir. 2005). Class Counsel's requested percentage award of 33 1/3% is in line with the awards to counsel in other Hatch-Waxman cases alleging delayed generic entry. Further, the Court finds that the Attorney Fee Award requested is reasonable under a lodestar cross-check analysis. The Attorney Fee Award is less than Class Counsel's lodestar, thus making the multiple less than 1 (a negative multiple), which is well within the range of acceptable fee multiples. Accordingly, the Court awards to Class Counsel attorneys' fees in the amount of 1/3 of the $65,877,600 Settlement Fund, or $21,959,200, plus 1/3 of the accumulated interest on the Settlement Fund, for a total of $_____. The Attorney Fee Award shall be disbursed from the Settlement Fund in accordance with the terms of the Settlements and Plan of Allocation.

21. The Court finds that the expenses reflected in the submission of Class Counsel were reasonably incurred and that reimbursement of same pursuant to the terms of the Settlement Agreements is warranted. Accordingly, Class Counsel are awarded an expense reimbursement in the amount of $2,663,468.00, and shall be disbursed from the Settlement funds in accordance with the terms of the Settlement Agreements and Plan of Allocation.

### **Incentive Awards**.

22. For their prosecution of this litigation over the last thirteen years, I award the Class Representatives the following incentive awards: (1) the Consumer Class Representative, Shirley Panebianco shall receive $15,000 from the Settlement Fund; and (2) the Third-Party Class Representatives -- Vista Healthplan, Inc. (n/k/a Coventry Health Care of Florida, Inc., District Council 37 Health & Security Plan, Pennsylvania Employees Benefit Trust Fund, and Pennsylvania Turnpike Commission -- shall each receive $50,000 from the Settlement Fund.

**Retention of Jurisdiction**

23.     The Court reserves exclusive and continuing jurisdiction over the Parties, without effecting the finality of this Final Approval Order, for purposes of all matters relating to the administration, interpretation, effectuation, consummation or enforcement of the Settlements, and any award of attorneys' fees, reimbursement of litigation expenses, and incentive awards.

**Entry of Judgment**

24. The Court hereby approves the release of claims as specified in the Settlements as binding and effective as to all members of the Classes and permanently bar and enjoin such members of the Classes from asserting any Released Claims (as defined in the Settlements).  The Court further directs that, for a period of five years, the Clerk of the Court shall maintain the record of those members of the Classes who have timely excluded themselves from the Classes and that a copy of such records shall be provided to the Defendants.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this Judgment in this Action, which Judgment shall be final and appealable.

                          **SO ORDERED.**

                          _____
                          Honorable Mitchell S. Goldberg
                          United States District Judge