# EXHIBIT 1

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

VISTA HEALTHPLAN, INC., *et al.*,

  *Plaintiffs,*

   v.

CEPHALON, INC., *et al.*,

  *Defendants.*

Case No. 2:06-cv-1833 (MSG)
Honorable Mitchell S. Goldberg

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT (the "Settlement Agreement") is submitted to the United States District Court for the Eastern District of Pennsylvania (the "Court") pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to Court approval, this Settlement Agreement is made and entered into as of May 21, 2018, by and between (a) Cephalon, Inc. ("Cephalon"); (b) Barr Laboratories, Inc. ("Barr"); (c) Teva Pharmaceutical Industries Ltd. and Teva Pharmaceuticals USA, Inc. (collectively "Teva") (and together with Cephalon and Barr, "Defendants"); (b) consumer plaintiff Shirley Panebianco ("Named Consumer Plaintiff"); and (c) third party payor plaintiffs Vista Healthplan, Inc. (n/k/a Coventry Health Care of Florida, Inc.), District Council 37 Health & Security Plan, Pennsylvania Employees Benefit Trust Fund, and Pennsylvania Turnpike Commission (collectively, "Third Party Payor Plaintiffs" and together with Named Consumer Plaintiff, "End-Payor Plaintiffs" or "Plaintiffs"), individually and on behalf of the Settlement Classes (as defined in Paragraph 1 below), by and through their court-appointed Interim Co-Lead Class Counsel, Kessler Topaz Meltzer & Check, LLP; Spector, Roseman, & Kodroff, P.C., and Criden & Love, P.A. (collectively "Class Counsel"), in their

capacity as Court appointed Interim Co-Lead Class Counsel in the above-captioned action (the "Action").  Defendants and Plaintiffs are collectively referred to herein as "Parties."

WHEREAS, in Plaintiffs' "Amended Consolidated Class Action Complaint of End-Payors" (the "Amended Complaint") (Docket No. 75), Plaintiffs have alleged, among other things, that the Defendants violated certain antitrust and consumer protection laws, and have been unjustly enriched by wrongfully delaying the introduction of generic versions of the prescription drug Provigil (active pharmaceutical ingredient modafinil), and that Plaintiffs and other members of the putative Settlement Settlement Classes suffered calculable damages as a result.

WHEREAS, the Defendants deny each and every one of Plaintiffs' allegations of unlawful or wrongful conduct, and deny that any conduct challenged by Plaintiffs caused any damage whatsoever, and have asserted a number of defenses to Plaintiffs' claims.

WHEREAS, Plaintiffs and the Defendants agree that this Settlement Agreement shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by the Defendants or of the truth of any claim or allegation or a waiver of any defenses thereto.

WHEREAS, arm's-length settlement negotiations have taken place between counsel for Plaintiffs and counsel for the Defendants for an extended period of months, both with and without the assistance of a court-appointed mediator.

WHEREAS, the Parties have entered into a binding Memorandum of Understanding ("MOU"), whichcontemplates the entry of this Settlement Agreement and will remain in force and effect as to the Parties only until this Settlement Agreement becomes effective, at which point the MOU will be superseded by this Settlement Agreement.

WHEREAS, the binding MOU lists United Healthcare Services, Inc. ("United") as a signatory and Schedule C Settling Health Plan, but United has taken the position it is not bound by the MOU, and Defendants filed a lawsuit to enforce the MOU against United (the "United MOU Litigation"), which is currently pending before the Court.

WHEREAS, the Parties want to implement the Settlement without further delay, and therefore agree to proceed with the Settlement without waiting for resolution of the MOU Litigation, subject to the terms below, but nothing in this Settlement Agreement shall be construed as altering or superseding in any way United's rights and obligations under the MOU.

WHEREAS, this Settlement Agreement (including all exhibits hereto and other documents explicitly referenced herein) embodies all of the terms and conditions of the settlement (the "Settlement") between the Defendants and Plaintiffs, both individually and on behalf of the proposed Settlement Classes, that has been reached, subject to final approval of the Court.

WHEREAS, Class Counsel have concluded, after extensive discovery and motion practice, and after carefully considering all of the circumstances of the Action, including the claims asserted in the Amended Complaint filed in the Action and the legal and factual defenses thereto, that it would be in the best interests of the Settlement Classes to enter into this Settlement Agreement in order to avoid the uncertainties of, and the risks and delays associated with, the outcome of a trial and any subsequent appeals, particularly in complex litigation such as this, and to assure a benefit to the Settlement Classes and further, that Class Counsel consider the Settlement to be fair, reasonable and adequate and in the best interests of the Settlement Classes.

WHEREAS, the Defendants have concluded, despite their belief that they are not liable for the claims asserted and that they have good faith defenses thereto, that, without any admission of liability or wrongdoing, it would be in their best interests to enter into this Settlement Agreement to avoid further expense, inconvenience, uncertainties of, and risks and delays associated with, the litigation with Plaintiffs and the Settlement Classes, and the distraction of burdensome and protracted litigation and thereby to resolve this controversy.

NOW THEREFORE, it is agreed by the Parties, through their respective authorized representatives who have signed below, that the Action and all claims made or that could have been made against the Defendants by Plaintiffs individually and on behalf of the Settlement Classes with respect to the Action that are Released Claims (as defined in Paragraph 13 herein) be settled, compromised and dismissed with prejudice, without the award of costs as to Plaintiffs, the Settlement Classes or the Defendants, except as provided herein, subject to the approval of the Court, on the following terms and conditions:

1.      **Class Certification**.

(a)      The Parties stipulate to Court approval, in the form of a proposed Order acceptable to all Parties, of the certification of the State Antitrust/Consumer Protection Settlement Class and the State Unjust Enrichment Settlement Class, as defined below, for purposes of Settlement only (together, the "Settlement Classes"). Neither this Settlement Agreement, nor any other Settlement-related document, nor anything contained herein or therein or contemplated hereby or thereby, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission by the Defendants as

4

to whether any class may be certified for purposes of litigation and trial.  The proposed

Settlement Classes are defined as follows:

### I.   State Antitrust/Consumer Protection Settlement Class

All persons or entities who purchased Provigil and/or its generic
equivalent modafinil, intended for consumption by themselves,
their families or their members, employees, plan participants,
beneficiaries or insureds in Arizona, California, District of
Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts,
Michigan, Minnesota, Mississippi, Nebraska, Nevada, New
Mexico, New York, North Carolina, North Dakota, South Dakota,
Tennessee, Utah, Vermont, West Virginia, and Wisconsin,
between June 24, 2006 and the date on which the Court enters the
Plaintiffs' proposed Preliminary Approval Order  (the "Preliminary
Approval Date").

### II.   State Unjust Enrichment Settlement Class

All persons or entities who purchased Provigil and/or its generic
equivalent modafinil, intended for consumption by themselves,
their families or their members, employees, plan participants,
beneficiaries or insureds in Alabama, Arizona, California, District
of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Kentucky,
Louisiana, Maine, Massachusetts, Michigan, Minnesota,
Mississippi, Nebraska, Nevada, New Mexico, New York, North
Carolina, North Dakota, South Dakota, Tennessee, Utah, Vermont,
West Virginia, and Wisconsin, between June 24, 2006 and the
Preliminary Approval Date.

The following persons or entities are excluded from the proposed Settlement Classes:  (i) the

Defendants and their respective subsidiaries, affiliates and employees; (ii) all governmental

entities (except for government funded employee benefit plans); (iii) insured individuals covered

by plans imposing a flat dollar co-pay that was the same dollar amount for generic as for brand

drug purchases; (iv) insured individuals who purchased only generic modafinil (not branded

Provigil) pursuant to a fixed co-pay applicable to generic drugs; (v) fully insured health plans,

*i.e.* plans that purchased insurance from another third-party payor covering 100% of the plan's

reimbursement obligations to its members; (vi) Settling Health Plans ("SHPs") that have entered

into a separate settlement agreement and release with Defendants (for convenience, a list of such SHPs is annexed hereto as Exhibit A); and (vii) United (which is listed in the binding MOU as a signatory and Schedule C Settling Health Plan, but is disputing in the United MOU Litigation whether it must settle as an SHP).

(b)     For purposes of defining the Settlement Classes, persons and entities "purchased" Provigil and/or its generic equivalent modafinil if they paid or reimbursed for some or all of the purchase price or reimbursed any part of the purchase price paid by their members, employees, insureds, participants or beneficiaries, to the extent those persons were at risk for the cost of the purchase.

(c)     The Parties' stipulation to Court approval of certification of the Settlement Classes is for purposes of effectuating the Settlement only, and for no other purpose. The parties retain all of their respective objections, arguments and/or defenses with respect to class certification should there be no settlement of the Action. If the Settlement contemplated by this Settlement Agreement does not become final as provided for in Paragraph 5, no class will be deemed certified as a result of, or pursuant to, or based on any reference to this Settlement Agreement. In such event, the Defendants will not be deemed to have stipulated to certification of any class, and the matter will proceed without prejudice to the ability of any Party thereafter to request or oppose class certification.

2.     **Reasonable Best Efforts to Effectuate This Settlement**. Counsel for the Parties agree to recommend approval of this Settlement by the Court and to undertake reasonable efforts not inconsistent with the provisions of this Settlement Agreement, including all steps and efforts contemplated by this Settlement Agreement and any other steps and efforts that may be

necessary or appropriate, by order of the Court or otherwise, to carry out the terms of this Settlement.

3.     **Motion for Preliminary Approval; CAFA Notice; Notice to Settlement Classes**.  Within 60 days of execution of both this Settlement Agreement and the separate confidential settlement agreement between the Defendants and the SHPs, Plaintiffs, through Class Counsel, shall file with the Court a motion for preliminary approval of the Settlement, which shall contain a proposed order ("Preliminary Approval Order") in a form agreed upon by Class Counsel and the Defendants seeking:

(a)     certification of the Settlement Classes for purposes of settlement only;

(b)     preliminary approval of the Settlement as fair, reasonable, adequate and in the best interests of the Plaintiffs and the Settlement Classes within the meaning of Fed. R. Civ. Rule 23;

(c)     approval of the notice and proposed notice plan, including a schedule for objections and opt outs;

(d)     approval of the Plan of Allocation;

(e)     a schedule for a hearing by the Court after the notice period has expired to approve the Settlement and to consider the Class Counsel's application for attorneys' fees, reimbursement of costs and expenses, and incentive awards as set forth in this Settlement Agreement;

(f)     a stay of all proceedings in the Action by Plaintiffs against the Defendants until such time as the Court renders a final decision regarding approval of the Settlement;

(g)     approval of an escrow agreement regarding the  Settlement consideration described herein; and

(h)      conditional appointment as Class Counsel under Fed. R. Civ. P. Rule 23 the law firms of Kessler Topaz Meltzer & Check, L.L.P.; Spector Roseman & Kodroff, P.C.; and Criden & Love, P.A. who acted as appointed interim Co-Lead Counsel for the proposed Settlement Classes.

Within 10 days of Plaintiffs filing a motion for preliminary approval of the Settlement, the Claims Administrator shall, on behalf of the Parties and consistent with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1711 et seq. ("CAFA"), serve notice of the proposed Settlement on the appropriate state official in each state where a member of the Settlement Classes resides and the appropriate federal official ("CAFA Notice").  In the event that the Court preliminarily approves the Settlement, Class Counsel shall, in accordance with Rule 23 of the Federal Rules of Civil Procedure and the Preliminary Approval Order, direct the Claims Administrator, to be approved by the Court, to provide the Settlement Classes with settlement notice as approved by the Parties and as ordered by the Court ("Settlement Notice").

4.      **Motion for Final Approval and Entry of Final Judgment.**  If the Court preliminarily approves the Settlement and certifies the Settlement Classes for purposes of settlement only, and at least 90 days after the Claims Administrator serves CAFA Notice on the appropriate state and federal officials, Plaintiffs, through Class Counsel, shall submit a motion for final approval of this Settlement by the Court, after appropriate notice to the Settlement Classes, and shall seek entry of an order and final judgment ("Final Approval Order") with any additional findings of fact and conclusions of law:

(a)      finally certifying the Settlement Classes for purposes of settlement only;

(b)    finding the Settlement and its terms to be a fair, reasonable and adequate settlement as to Plaintiffs and members of the Settlement Classes within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation pursuant to its terms;

(c)    providing for payment of reasonable attorneys' fees and reimbursement of costs and expenses from the Settlement Fund (as defined in Paragraph 6(a) herein);

(d)    providing for incentive payments from the Settlement Fund (as defined in Paragraph 6(a) herein) for the efforts and work of the Plaintiffs, in addition to whatever monies each may receive from the Settlement Fund pursuant to a Court-approved Plan of Allocation. There is no agreement between the Defendants and Class Counsel or Plaintiffs with respect to (a) the amount of any incentive award for Plaintiffs that it may seek from the Settlement Fund pursuant to an order of the of the Court, or (b) the Defendants' position with regard to any such petition for an incentive award;

(e)    approving the Plan of Allocation and setting forth the method for allocating the Net Settlement Fund (as defined in Paragraph 8 herein) among members of the Settlement Classes;

(f)    directing that the claims asserted by Plaintiffs against the Defendants be dismissed with prejudice and, except as provided for herein, without costs;

(g)    approving the release of the Released Claims specified herein as binding and effective as to all members of the Settlement Classes and permanently barring and enjoining such members of the Settlement Classes from asserting any Released Claims (as defined in paragraph 13 herein);

(h)     reserving exclusive and continuing jurisdiction over the Settlement and this Settlement Agreement; including the administration, consummation and interpretation of this Settlement and Settlement Agreement, and any award of attorneys' fees;

(i)     directing that the judgment of dismissal shall be final and appealable; and

(j)     directing that, for a period of five years, the Clerk of the Court shall maintain the record of those members of the Settlement Classes who have timely excluded themselves from the Settlement Classes and that a copy of such records shall be provided to the Defendants.

5.     **Finality of Settlement**.  The Settlement and Settlement Agreement shall become final and effective upon the occurrence of all of the following:

(a)     neither Plaintiffs nor the Defendants have availed themselves of any right to terminate the Settlement pursuant to Paragraph 16 or 17 hereof, and the time(s) for exercise of such rights of termination have expired;

(b)     both the State Antitrust/Consumer Protection Settlement Class and the State Unjust Enrichment Settlement Class are certified by the Court without material modification;

(c)     the Settlement is approved by the Court as required by Rule 23(e) of the Federal Rules of Civil Procedure;

(d)     the Final Approval Order is entered with prejudice, as provided for in Paragraph 4 herein, against Plaintiffs and the members of the Settlement Classes who have not timely excluded themselves from the Action; and

(e)     the time for appeal from the Court's Final Approval Order has expired or, if appealed, either all such appeals have been dismissed prior to resolution by the appellate court or approval of this Settlement Agreement and the Final Approval Order has been affirmed without material modification by the court of the last resort to which such appeal has been taken and such

affirmance is no longer subject to further appeal or review, by certiorari or otherwise, provided, however, that any reversal, vacating or modification on appeal of any amount of fees and expenses awarded by the Court from the Settlement Fund, or any amount of payments to any Plaintiffs, or any determination by the Court to award less than the amount requested in attorneys' fees or costs to Class Counsel or incentive awards to Plaintiffs shall not by itself prevent this Settlement Agreement from becoming final and effective if all other aspects of the final judgment have been affirmed.

      6.     **Settlement Consideration**.

      (a)     Subject to the provisions hereof, and in full, complete and final settlement of all claims asserted against the Defendants by Plaintiffs in this Action, on behalf of themselves and members of the Settlement Classes they represent, the Defendants, within eight business days after the later of (i) entry of the Preliminary Approval Order and (ii) receipt in writing of all required payment information, shall submit a Disbursement Request to the Federal Trade Commission as required by paragraph 8 of the Settlement Fund Disbursement Agreement, which is Exhibit A to the Stipulated Order For Permanent Injunction and Equitable Monetary Relief (Dkt. 405, *FTC v. Cephalon*, Case No. 08-2141, E.D. Pa., 6/17/15) in the amount of U.S. Dollar Forty-Eight Million ($48,000,000.00) ("End-Payor Class Settlement Payment"). The Disbursement Request will request that the disbursement of the End-Payor Class Settlement Payment be made into an escrow account (the "Escrow Account"), held and administered by an escrow agent to be selected by Class Counsel with consent of the Defendants, whose agreement shall not be unreasonably withheld, and approval of the Court. The monies held in the Escrow Account shall be known as the "Settlement Fund." The Settlement Fund shall be established and

administered pursuant to an escrow agreement in a form satisfactory to Class Counsel (the "Escrow Agreement").

(b)     The End-Payor Class Settlement Payment is the total amount that the Defendants will pay under this Settlement Agreement in exchange for the Released Claims (as defined in Paragraph 13), including without limitation funds to satisfy claims by Plaintiffs, claims by members of the Settlement Classes, attorneys' fees and costs, any Court-approved awards to the Plaintiffs for their roles as class representatives, and payment of any and all administrative and notice expenses associated with the Action or Settlement.  The Defendants shall have no liability, obligation or responsibility with respect to the investment, disbursement, or other administration or oversight of the Settlement Fund.  No portion of the Settlement Fund shall constitute, or shall be construed as constituting, a payment by the Defendants in lieu of treble damages, fines, penalties, punitive damages or forfeitures. Nothing in the preceding sentence is intended to limit the calculation of claim or damage amounts payable from the Settlement Fund.

(c)     It is intended that the Settlement Fund shall be at all times a "qualified settlement fund" for federal income tax purposes pursuant to Treas. Reg. § 1.468B-1, and that the "administrator" of the Settlement Fund, within the meaning of Treas. Reg. § 1.468B-2(k), shall comply with all applicable requirements, which shall include, without limitation, (a) preparing a "regulation Section 1.468B-3 Statement" pursuant to Treas. Reg. § 1.468B-3(e) on behalf of Defendants and providing copies to Defendants' Counsel for review and approval; and (b) preparing and timely filing on behalf of the Settlement Fund (i) such income tax and other returns and statements as are required to comply with Treas. Reg. § 1.468B-2 and the other applicable provisions of the Internal Revenue Code of 1986, as amended and (ii) all necessary state, local and foreign tax returns. To that end, the Parties hereto shall cooperate with each other

and shall not take a position in any filing or before any tax authority that is inconsistent with such treatment. Interest earned by the Settlement Fund (less any tax imposed upon such interest) shall be for the benefit of the Settlement Classes, less reasonable attorneys' fees and expenses approved by the Court (and any interest awarded thereon), any Court-approved award to Plaintiffs for serving as representatives of the Settlement Classes, and payment of any and all administrative and notice expenses associated with the Action or Settlement. Whether or not final approval of this Settlement Agreement occurs and whether or not the Settlement Fund qualifies as a qualified settlement fund within the meaning of Treas. Reg. § 1.468B-1, any taxes or estimated taxes due as a result of income earned by the Settlement Fund, and all related costs and expenses, shall be paid from the Settlement Fund. The Defendants shall have no liability, obligation or responsibility for any such taxes, costs, expenses, or for any reporting requirements relating thereto. The Parties elect that the Settlement Fund should be treated as a qualified settlement fund from the earliest possible date and agree to make any "relation back" election that may be available.

(d)     Any member of the Settlement Classes who does not seek exclusion from the Settlement Classes or timely file a claim form will not be entitled to receive any cash award or any other benefits pursuant to the Settlement, but will otherwise be bound together with all members of the Settlement Classes by all terms of this Settlement Agreement, including the terms of the Final Approval Order to be entered by the Court and the Release provided for in the Settlement Agreement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

7.    **Class Settlement Expenses**.

All reasonable expenses arising from the administration of Settlement Notice and the calculation and administration of claims associated with the Settlement shall be paid out of the Settlement Fund.  For avoidance of doubt, these reasonable expenses are expected to include, but are not necessarily limited to: the fees and expenses of the Settlement Notice and the Claims Administrator in connection with providing Settlement Notice and claim forms to the Settlement Classes, responding to inquiries of members of the Settlement Classes, receiving and processing requests for exclusion, handling accounting and other administrative and tax services for the Settlement Fund, and distributing the Settlement Amount to members of the Settlement Classes. The amount in the Settlement Fund that remains for distribution for approved claims after reduction for payment of taxes, any incentive payments to the Plaintiffs and disbursements for such fees, costs and expenses as approved by the Court is the "Net Settlement Fund."

8.    **Allocation of the Net Settlement Fund**. If the Settlement becomes final pursuant to the provisions of Paragraph 5 herein, the Net Settlement Fund shall be distributed to Class Counsel, members of the Settlement Classes, and potentially the SHPs pursuant to the Plan of Allocation, as ordered by the Court.  For the avoidance of doubt, no member of the Settlement Classes or the SHPs shall be entitled to a distribution from the Settlement Amount until the Settlement becomes final as contemplated by Paragraph 5 above.

9.    **No Injunctive Relief**.  This Settlement does not include any provision for injunctive relief.

10.    **Full Satisfaction; Limitation of Interest and Liability**. Plaintiffs and members of the Settlement Classes shall look solely to the Settlement Fund for settlement and satisfaction against the Defendants of all claims that are released herein.  Plaintiffs and members of the

Settlement Classes shall not under any circumstances be entitled to any further compensation from the Defendants with respect to any claims released herein. In the event that the Settlement becomes final and effective pursuant to Paragraph 5 herein, the Settlement Fund will fully satisfy any and all Released Claims as defined in Paragraph 13 herein. Except as provided by order of the Court, no member of the Settlement Classes shall have any interest in the Settlement Fund or any portion thereof. The Defendants shall have no liability with respect to disbursements from the Settlement Fund pursuant to any Court-approved plan of allocation. Defendants are not responsible for, and shall bear no liability in any way for, any allocation or division of the Settlement Fund.

      11.    **The United MOU Litigation.** This Settlement Agreement is not contingent on the outcome of the United MOU Litigation, and nothing in this Settlement Agreement shall be construed as altering or superseding in any way United's rights and obligations under the MOU.

      12.    **Attorneys' Fees, and Reimbursement of Expenses and Costs.** Class Counsel intends to seek from the Settlement Fund, attorneys' fees of up to thirty-three and one-third percent (33 1/3%) of the total Settlement Fund. In addition, Class Counsel intends to seek, from the Settlement Fund, incentive awards to each Plaintiff, and reimbursement of reasonable costs and expenses incurred in the prosecution of the Action. Any such fees, incentive awards, costs and expenses shall be paid from the Settlement Fund, settlements with other defendants, and SHPs. In no event shall Plaintiffs, members of the Settlement Classes, and their respective counsel seek payment of any attorneys' fees, expenses, costs, or incentive awards from Defendants other than from the Settlement Fund. The Defendants shall not be liable for any other costs, fees or expenses of any Plaintiffs, Class members, or any Class members' or Plaintiffs' attorneys, experts, consultants, advisors, agents and representatives.

13.    **Releases**.

(a)    Upon the Settlement becoming final in accordance with Paragraph 5, Plaintiffs,

Class Counsel, and the members of the Settlement Classes shall unconditionally, fully and finally

release and forever discharge the Cephalon Defendants, any past, present, and future parents,

subsidiaries, divisions, affiliates, joint ventures, stockholders, officers, directors, management,

supervisory boards, insurers, general or limited partners, employees, agents, trustees, associates,

attorneys and any of their legal representatives, or any other representatives thereof (and the

predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing)

(the "Released Parties")[1] from any and all claims, rights, debts, obligations, demands, actions,

suits, causes of action, damages whenever incurred, liabilities of any nature whatsoever, known

or unknown, suspected or unsuspected, fixed or contingent, including costs, expenses, penalties

and attorneys' fees, accrued in whole or in part, in law or equity, that Plaintiffs and each member

of the Settlement Classes (including any of their past, present or future officers, directors,

insurers, general or limited partners, divisions, stockholders, agents, attorneys, employees, legal

representatives, trustees, parents, associates, affiliates, joint ventures, subsidiaries, heirs,

executors, administrators, predecessors, successors and assigns, acting in their capacity as such)

(the "Releasors"), whether or not they object to the Settlement, ever had, now has, or hereafter

---

[1]    For the avoidance of doubt, Ranbaxy Laboratories, Ltd., Ranbaxy Pharmaceuticals, Inc., Mylan, Inc., Mylan Laboratories, Inc. and/or Mylan Pharmaceuticals, Inc. are excluded from the definition of Released Parties. Nothing in this Agreement dismisses or releases claims against Ranbaxy Laboratories, Ltd., Ranbaxy Pharmaceuticals, Inc., Mylan, Inc., Mylan Laboratories, Inc. and/or Mylan Pharmaceuticals, Inc.or their successors ("the Mylan/Ranbaxy Claims"). Moreover, in the event that the Defendants, or any affiliate or successor of the Defendants or any other Released Party acquires, merges with, or in any way becomes affiliated with Mylan Inc. (or any of its affiliates or successors), Mylan Pharmaceuticals, Inc. or Ranbaxy Laboratories Ltd. (or any of its affiliates or successors) and/or Ranbaxy Pharmaceuticals, Inc. (or any of its affiliates or successors), nothing in this Agreement shall be construed to dismiss or release the Mylan/Ranbaxy claims.

can, shall or may have, directly, representatively, derivatively or in any other capacity, arising

out of or relating in any way to: any claim that was alleged or could have been alleged in the

Action and related actions, including but not limited to:

(1) the alleged delayed entry of generic versions of Provigil (modafinil);

(2) conduct with respect to the procurement and enforcement of United States

Reissue Patent Number 37,516, United States Patent Number 5,618,845, or United States Patent

Number 7,297,346, including any commencement, maintenance, defense or other participation in

litigation concerning any such patents;

(3) any conduct relating to Nuvigil that was alleged in, could fairly be

characterized as being alleged in, is related to an allegation made in, or could have been alleged

in the Action, such as intending to convert market demand from Provigil to Nuvigil;

(4) the sale, marketing or distribution of Provigil or its generic equivalent (the

"Released Claims").

Releasors hereby covenant and agree that each shall not sue or otherwise seek to establish

or impose liability against any Released Party based, in whole or in part, on any of the Released

Claims.

(b)     In addition, Plaintiffs on behalf of themselves and all other Releasors (including

each member of the Settlement Classes) hereby expressly waive, release and forever discharge

any and all provisions, rights and benefits conferred by § 1542 of the California Civil Code,

which reads:

> Section 1542. General Release; extent. A general release does not
> extend to claims which the creditor does not know or suspect to
> exist in his or her favor at the time of executing the release, which
> if known by him or her must have materially affected his or her
> settlement with the debtor;

17

or by any law of any state or territory of the United States or any other jurisdiction or principle of

common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code.

Plaintiffs and each member of the Settlement Classes may hereafter discover facts other than or

different from those which he, she or it knows or believes to be true with respect to the claims

which are the subject matter of the Action but Plaintiffs and each member of the Settlement

Classes shall be deemed to and hereby expressly waive and fully, finally and forever, settle and

release any known or unknown, suspected or unsuspected contingent or non-contingent claim

that would otherwise fall within the definition of Released Claims, whether or not concealed or

hidden, without regard to the subsequent discovery or existence of such different or additional

facts.  For the avoidance of doubt, Plaintiffs and each member of the Settlement Classes also

hereby expressly waive and fully, finally and forever settle and release any and all claims it may

have against any Released Party under § 17200, *et seq.*, of the California Business and

Professions Code or any similar, comparable or equivalent provision of the law of any other state

or territory of the United States or other jurisdiction, which claims are hereby expressly

incorporated into the definition of Released Claims.

14.    **Reservation of Claims**.  Released Claims do not include claims under Article 2

of the Uniform Commercial Code (pertaining to Sales), the laws of negligence or product

liability or implied warranty, breach of warranty, breach of contract, personal or bodily injury, or

claims unrelated to the allegations in the Amended Complaint.  Released Claims also do not

include claims in any pending or previously filed litigation relating to the marketing or

promotion (including off-label promotion or marketing) of Provigil or Nuvigil.  Defendants

represent and warrant that they have assumed no contractual obligation that would, in fact or at

law, in the event Plaintiffs and the Settlement Classes prevailed against any other defendant on

the claims made in the Action, obligate the Defendants to indemnify, pay, contribute to, or be liable over to, or share in a judgment entered in favor of Plaintiffs and the Settlement Classes against any other defendant.  The Defendants agree that the Plaintiffs and the Settlement Classes justifiably rely upon this representation and warranty and that it is material to Plaintiffs' and the Settlement Classes' decision to enter into this Settlement Agreement with the Defendants.

15.     **Stay of Proceedings**.  Pending Court approval of the Settlement embodied in this Settlement Agreement, the Parties agree to stay any and all proceedings against the Defendants in the Action other than those incident to the settlement process, and agree to extensions of time with respect to any court filings necessary to effectuate such stays.

16.     **Effect of Disapproval**.  If the Court declines to finally approve the Settlement, or if such approval is reversed, vacated, or otherwise materially modified on appeal, or if the Court does not enter the final judgment in substantially the form provided for in Paragraph 4, or if the Court enters the final judgment and appellate review is sought, and on such review, such final judgment is reversed, vacated or materially modified, then this Settlement Agreement shall be terminated upon the election of either of (a) Plaintiffs, through Class Counsel, or (b) the Defendants, acting through their undersigned counsel; provided however that any reversal, vacating or modification on appeal of any amount of fees and expenses awarded by the Court from the Settlement Fund, or any amount of payments to any Plaintiffs, or any determination by the Court to award less than the amount requested in attorneys' fees or costs to Class Counsel or incentive awards to Plaintiffs shall not give rise to any right of termination or otherwise serve as a basis for termination of this Settlement Agreement.

17.     **Opt Out Threshold.**  Defendants shall have discretion to terminate the Settlement Agreement if a certain percentage of potential members of the Settlement Classes opt

out, as set forth in a separate letter agreement between Class Counsel and the Defendants ("Letter Agreement") that will be provided to the Court in camera, with the Court's permission, along with Plaintiff's motion for preliminary approval of the Settlement Agreement.

18.      **Termination**. In the event that the Settlement is terminated pursuant to Paragraph 16 or Paragraph 17 herein, or for any other reason does not become final and effective in accordance with the terms of Paragraph 5 herein, then (a) this Settlement Agreement shall be of no force or effect, (b) any release pursuant to Paragraph 13 shall be of no force or effect, (c) the Settlement Fund, including any and all interest earned thereon, within 10 business days shall be returned to the Federal Trade Commission less only one-half the amount validly disbursed for the costs incurred in giving notice to the Settlement Classes, and (d) the Action shall continue as if the Parties had not entered into the Settlement Agreement.

19.      **Preservation of Rights**. The parties hereto agree that this Settlement Agreement, whether or not it shall become final and effective pursuant to Paragraph 5 herein, and any and all negotiations, documents and discussions associated with it shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by the Defendants, or of the truth of any of the claims or allegations contained in any complaint or any other pleading or document, and evidence thereof shall not be discoverable, admissible or otherwise used directly or indirectly, in any way by Plaintiffs or the Defendants, whether in the Action or in any other actions or proceeding. The Parties expressly reserve all of their rights and defenses if the Settlement Agreement does not become final and effective pursuant to Paragraph 5 herein.

20.      **Confidentiality**. The Settlement, including the Settlement Agreement, MOU and the contents of both, shall remain confidential and shall not be disclosed to any third party until

Plaintiffs move for preliminary approval of the Settlement, except (i) pursuant to a request by the Court or any federal or state regulator, (ii) as agreed to by the Parties in writing, (iii) to comply with the securities and corporate governance laws of the United States or any State, (iv) as needed to those with a legitimate business interest including financial advisors, auditors, tax advisors, attorneys, and group customers of the entities list in Schedule "A" hereto; or (v) as otherwise required by law. This provision does not apply to statements made in judicial filings necessary to obtain preliminary Court approval of the Settlement. The Parties shall be entitled to make such disclosures of the Settlement Agreement as they, in their sole discretion, determine are required under the law.

21.   **Binding Effect**. This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties and the Released Parties, including the members of the Settlement Classes who do not timely request to be excluded. Without limiting the generality of the foregoing, each and every covenant and agreement herein by the Plaintiffs and their counsel shall be binding upon all members of the Settlement Classes.

22.   **Names of Parties**. The undersigned counsel for Plaintiffs and the Defendants each warrant that all of their clients in the Action are parties to this Settlement Agreement even if one or more of them is mistakenly identified in this Settlement Agreement by an incorrect name.

23.   **Notice**. Any and all notices, requests, consents, directives, or communications by any party intended for any other party shall be in writing and shall, unless expressly provided otherwise herein, be given personally, or by express courier, or by electronic transmission (such as e-mail) followed by postage prepaid mail, to the following persons, and shall be addressed as follows:

To Plaintiffs and Class Members:

Kessler Topaz Meltzer & Check, LLP

Joseph Meltzer

280 King of Prussia Road

Radnor, PA 19087

jmeltzer@ktmc.com

tziegler@ktmc.com


Spector, Roseman, & Kodroff, P.C.

Jeffrey L. Kodroff

1818 Market Street, Suite 2500

Philadelphia, PA 19103

jkodroff@srkattorneys.com

jmacoretta@srkattorneys.com

 and

Criden & Love, P.A.

Kevin Bruce Love

7301 SW 57th Court, Suite 515

South Miami, FL 33143

klove@cridenlove.com

*Co-Lead Class Counsel*

To the Defendants:

Jay P. Lefkowitz, P.C.
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022-4611
Tel: 212-446-4970
Fax: 212-446-4900
lefkowitz@kirkland.com

Bradley H. Weidenhammer
Kirkland & Ellis LLP
300 North LaSalle Drive
Chicago, IL 60640
Tel: 202-879-5246
Fax: 202-879-5200
bradley.weidenhammer@kirkland.com_

*Counsel for the Defendants*

22

Any of the Parties may, from time to time, change the address to which such notices, requests, consents, directives, or communications are to be delivered, by giving the other Parties prior written notice of the changed address, in the manner provided above, ten (10) calendar days before the change is effective.

24.    **Integrated Agreement**. This Settlement Agreement (including all exhibits hereto and other documents explicitly referenced herein) contains the entire, complete, and integrated statement of each and every term and provision of the Settlement. This Settlement Agreement shall not be modified in any respect except by a writing executed by all the undersigned in the representative capacities specified, or others who are authorized to act in such representative capacities.

25.    **Headings**. The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

26.    **No Party is the Drafter**. None of the parties hereto shall be considered to be the drafter of this Settlement Agreement or any provisions hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

27.    **Choice of Law**. All terms of this Settlement Agreement shall be governed by, interpreted, and enforced according to the substantive laws of the Commonwealth of Pennsylvania without regard to its choice of law or conflict of laws principles.

28.    **Consent to Jurisdiction**. The Defendants, Plaintiffs and each member of the Settlement Classes hereby irrevocably submit to the exclusive jurisdiction of the Court for any

suit, action, proceeding or dispute arising out of or relating to this Settlement or the applicability

of this Settlement Agreement, including, without limitation, any suit, action, proceeding or

dispute relating to the release provisions herein, except that this paragraph shall not prohibit (a)

the assertion in the forum in which a claim is brought that the release herein is a defense, in

whole or in part, to such claim or (b) in the event that such a defense is asserted in that forum.

29.    **Enforcement of Settlement**. Nothing in this Settlement Agreement prevents the

Defendants from enforcing or asserting any release herein, subject to the provisions of Paragraph

13 ("Releases") herein.  Notwithstanding any other provision of this Settlement Agreement, this

Settlement Agreement and the releases contained herein may be pleaded as a full and complete

defense of any action, suit or other proceeding that has been or may be instituted, prosecuted or

attempted with respect to any Released Claims and may be filed, offered and received into

evidence and otherwise used for such defense.

30.    **Authorization To Act**. The undersigned counsel represent that they have been

and are fully authorized to conduct settlement negotiations on behalf of Plaintiffs or the

Defendants, respectively, and to enter into, and execute, this Settlement Agreement on behalf of

their clients, subject to Court approval pursuant to Fed. R. Civ. P. 23(e).

31.    **No Admission**. Nothing in this Settlement Agreement or any related documents

or discussions shall be construed as an admission in any action or proceeding of any kind

whatsoever, civil, criminal or otherwise, before any court, administrative agency, regulatory

body or any other body or authority, present or future, by the Defendants or Plaintiffs, or any of

them, including without limitation that the Defendants have engaged in any conduct or practices

that violate any antitrust statute or any other law, or that any class can be certified for purposes

of litigation.

32.   Execution in Counterparts. This agreement may be executed in counterparts. Facsimile or pdf signatures shall be considered as valid signatures as of the date hereof, although the original signature pages shall thereafter be appended to this agreement and filed with the Court.

IN WITNESS WHEREOF, the parties hereto through their fully authorized representatives have agreed to this Settlement Agreement as of the date first herein above written.

Kessler Topaz Meltzer & Check, LLP

By: _____
Joseph H. Meltzer
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
jmeltzer@ktmc.com


Spector Roseman & Kodroff, P.C.

By: _____
John A. Macoretta
Spector Roseman & Kodroff, P.C.
1818 Market Street – Suite 2500
Philadelphia, PA 19103
Tel: (215) 496-0300
Fax: (215) 496-6611
jmacoretta@srkw-law.com


Criden & Love, P.A.

By: _____
Kevin B. Love
Criden & Love, P.A.
7301 SW 57th Court, Suite 515


KIRKLAND & ELLIS LLP

By: _____
Jay P. Lefkowitz, P.C.
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022-4611
Tel: 212-446-4970
Fax: 212-446-4900
lefkowitz@kirkland.com

Bradley H. Weidenhammer
Kirkland & Ellis LLP
300 North LaSalle Drive
Chicago, IL 60640
Tel: 202-879-5246
Fax: 202-879-5200
bradley.weidenhammer@kirkland.com

*Counsel for the Cephalon Defendants*

25

ATTEST:                                    PENNSYLVANIA TURNPIKE COMMISSION

_Ann Louise Edmunds_  6/7/18              _Leslie S. Richards_  6/7/18
Ann Louise Edmunds        Date            Leslie S. Richards         Date
Assistant Secretary-Treasurer             Chair

APPROVED AS TO FORM AND LEGALITY:

_Albert C. Peters II_  6/7/18
Albert C. Peters II        Date
General Litigation and Contracts Counsel

_Kevin_  6/20/18
Deputy Attorney General    Date

South Miami, FL 33143
Tel: (305) 357-9000
Fax: (305) 357-9050
klove@cridenlove.com

*Co-Lead Counsel for Plaintiffs*

By: _____

Robert **Sink**, Esquire

*Counsel for Plaintiff Shirley Paneblanco*

## SCHEDULE A

Settling Health Plans shall mean the below listed entities, including their affiliates and group customers which submit a claim:

Aetna Inc.
Anthem
Arkansas BlueCross BlueShield
     HMO Partners, Inc., b/b/a Health Advantage
     US Able Life
Assurant Health
     John Alden Life Insurance Company
     Time Insurance Company
     Union Security Insurance Company
BCBSM, Inc., d/b/a Blue Cross Blue Shield of Minnesota
Blue Cross and Blue Shield Association
Blue Cross Blue Shield of Alabama
Blue Cross Blue Shield of Arizona
Blue Cross and Blue Shield of Florida, Inc.
Blue Cross and Blue Shield of Kansas City
Blue Cross and Blue Shield of Massachusetts, Inc.
     Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc.
Blue Cross Blue Shield of Michigan
Blue Cross Blue Shield Nebraska
Blue Cross and Blue Shield of North Carolina
Blue Cross Blue Shield of North Dakota d/b/a Noridian Mutual Insurance Company
Blue Cross Blue Shield Rhode Island
Blue Cross and Blue Shield of South Carolina
Blue Cross and Blue Shield of Tennessee
Blue Cross and Blue Shield of Vermont
Blue Shield of California
Cambia f/k/a Regence Blue Cross and Blue Shield
     Regence BlueCross BlueShield of Oregon
     Regence BlueCross BlueShield of Utah
     Regence BlueShield
     Regence BlueShield of Idaho
Connecticut General Life Insurance Company (CIGNA)
CareFirst
EmblemHealth
Excellus Health Plan, Inc.
     Univera
     Lifetime
Government Employees Health Association
Group Health Cooperative (and GHO)
Harvard Pilgrim health Care, Inc.
Hawaii Medical Services Association

Health Care Service Corporation
HealthPartners
HealthNet
Highmark Inc.
Horizon Blue Cross Blue Shield of New Jersey, Inc.
Humana
Independent Health Associates Inc.
Johns Hopkins Healthcare, LLC
KPS Health Plans
Medical Mutual of Ohio
MVP Health Care, Inc.
Premera, Inc.
      Premera Blue Cross
      Lifewise Health Plan of Washington
      Lifewise Health Plan of Oregon
Priority Health
Tufts (Network Health)
Viva Health Plan
WellCare