# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VISTA HEALTHPLAN, INC., <u>et al.</u>,** | : | **CIVIL ACTION** |
| Plaintiffs, | : | |
| v. | : | No. 2:06-cv-1833 |
| **CEPHALON, INC., <u>et al.</u>,** | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 20th day of April, 2020, upon review and consideration of Class Action Settlements between End-Payor Plaintiffs with (1) Cephalon, Inc., Barr Laboratories, Inc., Teva Pharmaceutical Industries Ltd., and Teva Pharmaceuticals USA, Inc. (collectively "Cephalon"); (2) Mylan, Inc. (formerly known as Mylan Laboratories, Inc.) and Mylan Pharmaceuticals Inc. (collectively "Mylan"); and (3) Sun Pharmaceutical Industries, Ltd., as successor in interest to Ranbaxy Laboratories, Ltd. and Ranbaxy Pharmaceuticals, Inc. ("Ranbaxy"); End-Payor Plaintiffs' Motion for Final Approval of Class Action Settlements and Memorandum of Law in Support thereof (Doc. No. 598), the supporting Declaration of Joseph H. Meltzer and exhibits thereto (Doc. No. 598), the Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Incentive Awards for Class Representatives (Doc. No. 599), the End-Payor Plaintiffs' Supplemental Filing (Doc. No. 607), the End-Payor Plaintiffs' Proposed Order (Doc. No. 608), and the arguments and presentations at the February 26, 2020 Final Fairness Hearing, and as set forth more fully in the accompanying Memorandum Opinion, it is hereby **ORDERED** that:

**Jurisdiction**[1]

1. This Court has subject matter jurisdiction over this Action and has personal jurisdiction over each of the Parties.

**Certification of the Settlement Classes**

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for the purpose of effectuating the Settlements, this Court finally certifies the Settlement Classes defined as follows:

> **State Antitrust/Consumer Protection Class**
>
> All persons or entities in Arizona, California, District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin who purchased Provigil and/or its generic equivalent intended for consumption by themselves, their families or their members, employees, plan participants beneficiaries or insureds between June 24, 2006 and August 8, 2019.
>
> **State Unjust Enrichment Class**
>
> All persons or entities in Alabama, Arizona, California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin who purchased Provigil and/or its generic equivalent modafinil, intended for consumption by themselves, their families or their members, employees, plan participants, beneficiaries or insureds between June 24, 2006 and August 8, 2019.

---

[1] This Order hereby incorporates by reference the definitions in the Settlement Agreements, and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreements.

The following persons or entities are excluded from the Settlement Classes: (i) the Defendants and their respective subsidiaries, affiliates, and employees; (ii) all governmental entities (except for government funded employee benefit plans); (iii) insured individuals covered by plans imposing a flat dollar co-pay that was the same dollar amount for generic as for brand drug purchases; (iv) insured individuals who purchased only generic modafinil (not branded Provigil) pursuant to a fixed co-pay applicable to generic drugs; (v) United Healthcare Services, Inc. ("United Healthcare"), including its subsidiaries; and (vi) fully-insured health plans, *i.e.*, plans that purchased insurance from another third-party payor covering 100% of the plan's reimbursement obligations to its members. In addition, the Settling Health Plans ("SHPs") identified in Schedule A to the Cephalon Settlement are excluded from the Cephalon Settlement.

3. Pursuant to Federal Rule of Civil Procedure 23(a)(1), the Court determines that the Settlement Classes are so numerous that joinder of all members is impracticable.

4. Pursuant to Rule 23(a)(2), the Court determines that the Settlement Classes present class-wide issues relating to the claims and/or defenses that are common to the Settlement Classes.

5. Vista Healthplan, Inc. (n/k/a Coventry Health Care of Florida, Inc.), District Counsel 37 Health & Security Plan, Pennsylvania Employees Benefit Trust Fund, Pennsylvania Turnpike Commission, and Shirley Panebianco ("Named Plaintiffs"), are hereby appointed as representatives of the Settlement Classes for the following reasons:

    a. Pursuant to Rule 23(a)(3), the Named Plaintiffs' claims are typical of the claims of the proposed Settlement Classes.

    b. Pursuant to Rule 23(a)(4), the Named Plaintiffs have and will continue to fairly and adequately protect the interests of the Settlement Classes. The Named Plaintiffs' interests do not conflict with the interests of absent members of the Settlement Classes.

Furthermore, the Named Plaintiffs' Counsel are well qualified to represent the Settlement Classes in this case, given their experience in prior cases, and the vigor with which they have prosecuted this Action thus far.

6. Pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, common questions of law and fact predominate over questions affecting only individual members.

7. Also pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, a class action is superior to other available methods for the fair and efficient adjudication of this Action.

8. Pursuant to Rules 23(c)(1)(B) and 23(g), the Court, having considered the factors provided in Rule 23(g)(1)(A), finally appoints Spector Roseman & Kodroff, P.C., Criden & Love, P.A., and Kessler Topaz Meltzer & Check, LLP as Co-Lead Counsel for the Settlement Classes.

### Notice to the Members of Settlement Classes

9. Notice to the Members of the Settlement Classes as required by Rule 23(e) and Due Process, has been provided as directed by this Court in the Preliminary Approval Order (Doc. No. 592). Such notice was sent via first-class mail to those members of the Class who could be reasonably and economically identified, and made by publication in targeted print and digital media placements and constitutes the best notice practicable, satisfying the Federal Rules of Civil Procedure, Due Process, and other applicable laws.

### Class Action Fairness Act Notice

10. The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, have been satisfied.

11. The Settlements, which include cash payments totaling $65,877,600 to be paid by Defendants in exchange for, *inter alia*, dismissal of the litigation between the End-Payor Plaintiffs and Defendants with prejudice and releases of certain claims filed or that could have been filed against Defendants by End-Payor Plaintiffs and the Settlement Classes, are fair, reasonable, and adequate in all respects, and in the best interests of the Settlement Classes.

12. The Settlements, which were arrived at as a result of arm's-length negotiations conducted by highly experienced counsel after years of litigation, provide direct benefits to Settlement Class Members while avoiding the substantial risks and delay of trial.

13. The Plan of Allocation, posted on the Settlement Website, treats Class Members in a manner that is equitable and distributes the Settlement Funds to Settlement Class Members based on the extent of their injuries. As such, the Plan of Allocation is fair and reasonable and the formula provided therein for the calculation of the claims of claiming Settlement Class Members ("Claimants") provides a fair and reasonable basis upon which to allocate the net proceeds of the Settlement among Settlement Class Members. Likewise, the method of processing claims is fair and reasonable. Accordingly, the Court finds and concludes that the plan of distribution is, in all respects, fair and reasonable to the Settlement Class and approves the form and manner for distribution as provided in the Plan of Allocation.

14. Settlement Class Members, having been provided Notice of the terms of the Settlements, including provisions for the request of attorneys' fee and expense awards and incentive awards to the class representatives, responded positively to the Settlements. The Court has considered and overrules the three objections filed.

15. Based upon the foregoing, which takes into account each of the factors specified in Rule 23(e)(2), the Court finds that the Settlements and the Plan of Allocation are fair, reasonable, and

adequate, and they are finally approved. The Parties are directed to promptly consummate and administer the Settlements in accordance with the terms of the Settlements.

### Dismissal of Claims

16.     The Claims asserted by Plaintiffs in this Action are hereby dismissed with prejudice and, except as provided for in the Settlements and herein, without costs.

### Release

17.     The Court approves the Releases in each Settlement Agreement as binding and effective as to all members of the Settlement Classes and permanently barring and enjoining such members of the Settlement Classes from asserting any Released Claims as set forth in each Settlement Agreement.

### Exclusions

18.     The eighteen (18) Class Members listed in Exhibit "A" (attached hereto) have requested exclusion from the Class Settlement. Based on the Declaration of Eric Miller dated December 13, 2019 and Supplemental Declaration of Eric Miller, I hold that these Class Members have properly excluded themselves (which includes one late-filed exclusion), and therefore they shall not be governed by the Releases included in the Settlement Agreements or be subject in any way to this Order and Final Judgment.

### Attorneys' Fee Award and Expense Reimbursement

19.     Class Counsel have moved for an award of attorneys' fees in the amount of one-third of the $65,877,600 Settlement Fund, or $21,959,200 plus one-third of the accumulated interest on the Settlement Fund. The Court has reviewed the Prudential/Gunter factors, and finds that they weigh heavily in favor of the requested fee award as explained in detail in the accompanying Memorandum Opinion. The Court further finds that the requested fee award is reasonable when

cross-checked against the lodestar analysis. Accordingly, the Court awards to Class Counsel attorneys' fees in the amount of $21,959,200, together with one-third of the interest on the Settlement Fund from the date the funds are deposited in the Settlement Escrow Accounts until payment of such attorneys' fees, at the rate earned by the Settlement Funds. The Attorney Fee Award shall be disbursed from the Settlement Funds in accordance with the terms of the Settlements and Plan of Allocation.

20. The Court finds that the expenses reflected in the submission of Class Counsel were reasonably incurred and that reimbursement of the same pursuant to the terms of the Settlement Agreements is warranted. Accordingly, Class Counsel are awarded an expense reimbursement in the amount of $2,663,468.00, together with a proportionate share of the interest thereon from the date the funds are deposited in the Settlement Escrow Accounts until payment of such reimbursement of costs and expenses, at the rate earned by the Settlement Funds. The expenses shall be disbursed from the Settlement Funds in accordance with the terms of the Settlement Agreements and Plan of Allocation.

## **Incentive Awards**

21. For their prosecution of this litigation over the last thirteen years, the Court awards the Class Representatives the following incentive awards: (1) the Consumer Class Representative, Shirley Panebianco shall receive $15,000 from the Settlement Fund; and (2) the Third-Party Class Representatives—Vista Healthplan, Inc. (n/k/a Coventry Health Care of Florida, Inc.), District Council 37 Health & Security Plan, Pennsylvania Employees benefit Trust Fund, and Pennsylvania Turnpike Commission—shall each receive $50,000 from the Settlement Fund.

### Retention of Jurisdiction

22. The Court reserves exclusive and continuing jurisdiction over the Parties, without effecting the finality of this Final Approval Order, for purposes of all matters relating to the administration, interpretation, effectuation, consummation, or enforcement of the Settlements, and any award of attorneys' fees, reimbursement of litigation expenses, and incentive awards.

### Entry of Judgment

23. The Court hereby approves the release of claims as specified in the Settlements as binding and effective as to all members of the Classes and permanently bars and enjoins such members of the Classes from asserting any Released Claims (as defined in the Settlements). The Court further directs that, for a period of five years, the Clerk of the Court shall maintain the record of those members of the Classes who have excluded themselves from the Classes and that a copy of such records shall be provided to the Defendants. Accordingly, the Clerk of Court is expressly directed to immediately enter this Judgment in this Action, which Judgment shall be final and appealable.

24. The Clerk of Court shall mark this case **CLOSED**.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**

**EXHIBIT A**

**EXCLUSIONS**

| Exclusion ID | Name | State | Received |
|---|---|---|---|
| 66846981 | Kristi M. Tannehill | GA | 9/27/2019 |
| 66846982 | Phyllis Stock | IL | 10/28/2019 |
| 66846983 | John Foulkes | MA | 11/1/2019 |
| 66846984 | The Estate of Joseph Marinolich | MS | 11/18/2019 |
| 66846985 | Judith DesJardins | ME | 11/18/2019 |
| 66846986 | Mary Shea | MN | 11/19/2019 |
| 66846987 | Roberta F. McInnis | AL | 11/20/2019 |
| 66846988 | Janice Collier | AL | 11/21/2019 |
| 66846989 | The Estate of Bernice Barclay | NY | 11/25/2019 |
| 66846990 | Carolyn Oswald Johnson | WI | 11/25/2019 |
| 66856991 | Elaine Webster | NY | 12/2/2019 |
| 66846992 | Gayle Grande | MN | 12/2/2019 |
| 66846993 | Jessica Polanski | IL | 12/2/2019 |
| 66846994 | Kimberly Polanski | IL | 12/2/2019 |
| 66846995 | Lois A. Hitt-Hardyman | AL | 12/2/2019 |
| 66846996 | Rachael Clopton | KS | 12/6/2019 |
| 66846997 | Dorothy Perkins | SD | 12/9/2019 |
| 66846998 | Gloria J. White | MO | 12/17/2019 |